UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 3:19cr19** |
| | ) | **The Honorable M. Hannah Lauck** |
| **TROY G. SKINNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO SEAL

COMES NOW the defendant, Troy G. Skinner, by counsel, and files this motion to seal three unredacted motions: (1) Motion to Dismiss Counts 1 through 4 on First Amendment Grounds; (2) Motion to Dismiss Counts 1 through 4 on Fifth Amendment Due Process Grounds; and (3) Motion to Dismiss Counts 1 through 4 for Lack of Subject Matter Jurisdiction, copies of which documents have been provided to the government. Placing these exhibits under seal will protect the minor child's privacy interests, as provided in Rule 49.1 of the Federal Rules of Criminal Procedure.

"In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. This right to access to court records is not absolute, however." *In re The Knight Publishing Company v. Observer*, 743 F.2d 231, 234 (1984). A court "has supervisory power over its own records, and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id*. at 235. When asked to seal court documents, the court must follow specific procedures. According to Fourth Circuit case law, before a court may seal any court documents the court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents,

and (3) provide specific reasons and factual findings supporting its decision to seal and for rejecting the alternatives.  *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

For purposes of this motion, the interested parties are the U.S. government, Mr. Skinner, and the minor child.  The documents in question include information pertaining to the minor child. The need to protect the minor child outweighs the public's right to access in this case. Placing these documents under seal will protect the minor child's privacy.

For the foregoing reasons, the defense requests that the Court grant this motion to seal the three unredacted motions referenced above.

Respectfully submitted,
TROY G. SKINNER

_____/s/_____
Robert J. Wagner, Esquire
Assistant Federal Public Defender
Virginia Bar No.  27493
Office of the Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 565-0808
(804) 648-5033 fax
Robert_Wagner@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 5th day of April 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Brian Hood

    Katherine Martin
    United States Attorney's Office
    919 E Main St, Suite 1900
    Richmond, VA 23219
    (804) 819-5400

                                                        _____/s/_____
                                            Robert J. Wagner, Esquire
                                            Assistant Federal Public Defender
                                            Virginia Bar No. 27493
                                            Office of the Federal Public Defender
                                            701 E. Broad Street, Suite 3600
                                            Richmond, Virginia 23219
                                            (804) 565-0808
                                            (804) 648-5033 Fax
                                            Robert_Wagner@fd.org