IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 3:19cr19 |
| ) | Hon. M. Hannah Lauck |
| TROY G. SKINNER, ) | |
| ) | |
| **Defendant.** ) | |

**Defendant's Reply to Government's Response to his
Motion to Dismiss On First Amendment Grounds**

COMES NOW, the defendant, by counsel, and submits his reply to the government's response to his motion to dismiss Counts 1 through 4 of the pending indictment on First Amendment grounds. In its Response, the government fails to address the import of the defendant's First Amendment challenge with respect to *Smith v. California* and the inherent chilling effect such an interpretation of 18 U.S.C. § 2251(a) through this prosecution would have on protected online sexual conduct. Further, the government misconstrues *New York v. Ferber* by characterizing self-made sexual images by a minor, as presented here, in the same vein as producers of child pornography who overtly exploit children. In the absence of valid arguments by the government to rebut the First Amendment challenges by Mr. Skinner, the motion to dismiss Counts 1 through 4 must be granted.

In his Motion to Dismiss on First Amendment Grounds ("MTD1A"), Mr. Skinner brought an as-applied challenge to 18 U.S.C. § 2251(a). MTD1A at 1. First, relying on *Smith v. California*, 361 U.S. 147 (1959), he argued that the First Amendment forbids imposition of criminal penalties when the fact that makes the materials contraband – the minority of the victim – are not subject to any *mens rea* requirement. Any rule otherwise would impermissibly chill protected but sexually-related online speech. *Id*. at 6-7.

1

The government does not cite to or otherwise acknowledge *Smith v. California* in its response to the First Amendment motion, or otherwise address the First Amendment requirements of a *mens rea* for possessing material with prohibited contents.[1]

Second, Mr. Skinner argued that voluntary, self-created visual content by minors was not within the class of materials excluded from First Amendment protection by the Supreme Court in *New York v. Ferber*, 458 U.S. 747 (1982). *Id*. at 8.

The government, for its part, seems to acknowledge that the Supreme Court held child pornography was proscribable only because the circumstances of its creation given the technology at the time inherently required physical presence and abuse. *See* Gvt. Resp. 1A at 10 ("[T]he Supreme Court noted, '*Ferber's* judgment about child pornography was based upon how it was made, not on what it communicated.'" *citing* MTD1A at 9, *quoting Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 251 (2002)).[2] The government does not argue that the images sent to Mr. Skinner were coerced or in any way the product of abuse as described by the *Ferber* Court.

Instead, the government proposes a new justification for excluding sexually explicit materials self-created by minors from the scope of the First Amendment– one that has never been approved by the Fourth Circuit or the Supreme Court. This new justification is not to

---

[1] The government does address the *due process* argument on the *mens rea* issue in its response to Mr. Skinner's Motion to Dismiss on Due Process Grounds, but not the First Amendment argument.

[2] "[H]ow the materials were made" does not "expand[] like a shockwave following an explosion that wipes out everything in its path." Gvt. Resp. 1A at 10. It should be borne in mind that this is an as-applied challenge, involving the voluntary creation and sending of sexually explicit images by a teenager to a young adult on the other side of the globe. A holding in favor of Mr. Skinner will not remove § 2251(a) from the statute books nor in any way affect the government's ability to prosecute those who create and distribute child pornography depicting the actual abuse of children, as approved in *Ferber*.

prevent abuse perpetrated *upon* minors by adults, but instead to protect teenagers "from *their own harmful instincts*[]."  *Id*. at 11; *id*. ("protecting children from themselves").

In support, the government quotes from *United States v. Ruggiero*, 791 F.3d 1281, 1288 (11th Cir. 2015) ("The [government] may legitimately protect children from self-destructive decisions . . .").  Gvt. Resp.1A at 11.  But the facts of *Ruggiero*'s as-applied challenge were that he convinced the minor to meet him in person, drove to her house, had sex with her, persuaded her "to participate in more sexual conduct, including performing oral sex on him and posing nude on his bed."  The images were not created by the minor, but instead Ruggiero "used his cell phone camera to take pictures of [the victim] in these and other sexually explicit positions."  *Id*. at 1284.  Therefore, because the case involved actual physical in-person abuse and did not involve sexual selfies by a teenager, there was no occasion to consider the argument Mr. Skinner's circumstances raise.

Furthermore, the section quoted by the government was simply a direct quote from *Gilmour v. Rogerson*, 117 F.3d 368, 372 (8th Cir. 1997).  There are two problems with this.  First, *Gilmour* was decided before *Free Speech Coalition*, and before the advent of international online video chatting and selfies.  Second, and more important, is the portion of the opinion that follows what was quoted, and reaffirms that the prevention of actual abuse is the only justification for such statutes.  The Eighth Circuit pointed out that the Iowa statute at issue was confined to a producer who, it held, "deals directly with the child victim" and is therefore "like the statutory rapist who has traditionally been denied a mistake-of-age defense." *Gilmour v. Rogerson*, 117 F.3d 368, 372 (8th Cir. 1997).  It then directly quoted from *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.2 for the proposition that "the perpetrator confronts the underage victim personally[.]"  While these factual premises were true at the time of *Ferber* and *Gilmour*, they are no longer valid premises, as this case illustrates.

The only modern case the government cites, *United States v. Tollefson*, 2018 WL 644831 (E.D. Wis. 2019) involved different facts and did not address the argument Mr. Skinner makes. First, the minor in that case "told [Tollefson], honestly, that she was 13, and there ended his inquiry." *Id*. at *6. Second, it did not involve participants from different countries with different ages of consent. Third, the defendant in that case never even made an argument under the First Amendment. "Tollefson also does not explicitly say which constitutional provision he believes underlies his major premise that Congress can impose strict liability (as to one element of an offense) only where the defendant has a reasonable opportunity to learn the fact that makes his conduct a crime." *Id*. at *7.

Instead, the Court must confront the novel issue of whether sexual visual material self-produced by a teenager, with no in-person contact and no coercion, falls within a First Amendment exception justified in *Ferber* and *Free Speech Coalition* solely with preventing actual abuse. Because content-based restrictions on speech are presumptively unconstitutional, and the facts of this case do not place it within the child pornography exception created by *Ferber*, the indictment should be dismissed. In the alternative, the Court should provide the jury with a reasonable mistake of age defense instruction.

## *Conclusion*

As presented here and in the original motion, Mr. Skinner asks that the Court dismiss Counts 1 through 4 of the pending indictment on First Amendment grounds. In the alternative, he requests that the Court grant a reasonable mistake of age defense instruction.

Respectfully Submitted,
**TROY G. SKINNER**

By:     /s/
           Counsel

Robert J. Wagner
Va. Bar No. 27493
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0808
robert_wagner@fd.org

Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
laura_koenig@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, I filed the foregoing unredacted version of this pleading with the Clerk of the Court, and sent a notification of such filing to:

    Brian Hood
    Katherine Martin
    US Attorney's Office
    SunTrust Building
    919 East Main Street
    Suite 1900
    Richmond, VA 23219

                                               /s/
                              Robert J. Wagner
                              Va. Bar No. 27493
                              Assistant Federal Public Defender
                              Office of the Federal Public Defender
                              701 E. Broad St., Ste. 3600
                              Richmond, VA 23219
                              (804) 565-0830
                              robert_wagner@fd.org