# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 3:19cr19-MHL |
| v. | ) |
| | ) |
| TROY GEORGE SKINNER, | ) **FILED UNDER SEAL**[1] |
| | ) |
| *Defendant.* | ) |
| | ) |

## UNITED STATES' RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by and through its undersigned attorneys, respectfully moves this Honorable Court to deny defendant TROY GEORGE SKINNER's motion to suppress evidence for the following reasons:

## FACTUAL SUMMARY

On July 20, 2018, an agent of the Federal Bureau of Investigation (FBI) ("Affiant #1") submitted an application for a warrant to search two cell phones recovered from defendant at the time of his arrest. The application was based on an 18-page affidavit, submitted by Affiant #1, describing potential violations of 4 criminal statutes, specifically production of child pornography, in violation of 18 U.S.C. § 2251(a); distribution or receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2); enticement of a minor, in violation of 18 U.S.C. § 2422(b); and kidnapping, in violation of 18 U.S.C. 1201(a).

███████████████████████████

---

[1] The government's responsive pleadings to defendant's motions have been filed under seal because they contain extensive references to facts which fall under the ambit of 18 U.S.C. § 3509(d)(1)(A) and § 3509(d)(2) and are covered by this Court's Protective Order, (Doc. No. 4).

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

After describing the evidence of potential criminal violations, the affidavit set forth reasons to believe that pertinent information and other materials would be found on defendant's phones. ████████████████████████████████████ ████████████████████████████ Cell Phone Aff. ¶ 34. Attachment B to the warrant identified items subject to search, including but not limited to records falling within 10 specific categories:

    a. Any and all visual depictions of minors;

    b. Any and all communications with minors;

    c. Any and all communications with other individuals about Victim 1;

    d. Any and all communications with other individuals that discuss TROY GEORGE SKINNER's plan to travel, or which discuss his actual travel, from New Zealand to the Richmond, Virginia area, which travel occurred during June 2018;

    e. Any and all address books, names, and lists of names and addresses of minors;

    f. Any and all diaries, notebooks, notes, and any other records reflecting physical contact, whether real or imagined, with minors, and any such items discussing sexual activities with minors;

    g. Any and all child erotica, including photographs of children that are not sexually explicit, drawings, sketches, fantasy writings, diaries, and sexual aids;

    h. All records and information relating to any and all Discord accoutns/usernames used by TROY GEORGE SKINNER, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    i. All records and information relating to the location, past or present, of TROY GEORGE SKINNER;

    j. All records relating to TROY GEORGE SKINNER's Internet search and online shopping histories.

The attachment also identified an additional 11 categories of evidence subject to search all relating to use or access to the cell phones. A federal magistrate judge approved the warrant application (hereinafter "Cell Phone Warrant").

Following a search of defendant's Huawei cell phone for the items identified in Attachment B to the Cell Phone Warrant, the government identified a movie file entitled "Desktop 02.06.2018-03.16.130100.DVR.mp4" which was created on or about February 5-6, 2018. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This movie file serves as the basis for Count Two in the Indictment.

On October 12, 2018, another agent of the FBI ("Affiant #2) submitted applications for two warrants to search two separate email accounts associated with defendant. These applications both were based on the same 17-page affidavit, submitted by Affiant #2, describing the potential violations of the same criminal statutes listed in the Cell Phone Warrants. After describing again the evidence of these potential criminal violations, the affidavit set forth reasons to believe that pertinent records and other material would be found in the identified email accounts. This included information that the movie file (described above), which was recovered from defendant's cell phone, was downloaded to the phone on or about June 19, 2018 from defendant's ▬▬▬▬▬▬▬▬▬▬▬▬ account. Gmail Aff. ¶¶ 41-42. The same Attachment B was incorporated by each warrant and permitted the seizure of items occurring after December 25, 2017 until the date of the warrant. The attachment identified items subject to search, including but not limited to records falling within 11 specific categories:

a. All contact information, including full name, user identification number, birth date, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers;

b. All records pertaining to other accounts with which SUBJECT ACCOUNTS may have shared Google Drive content, specifically video and/or picture content;

c. Any and all visual depictions of minors;

d. Any and all communications with minors, both public and private messages;

e. Any and all communications with other individuals about Victim 1, both public and private messages;

f. Any and all documents and communications relating to the manner and means of abduction and kidnapping another person, including: 1) tools and techniques for gaining access to buildings, vehicles and separately secured containers; 2) tools and techniques for restraining individuals; and 3) information about torture and methods

4

      of disposing of bodies.;

   g. Any and all documents relating to TROY GEORGE SKINNER's plans to travel, or his actual travel, from New Zealand to the Richmond, Virginia area, including any communications with other individuals about his travel, information and or documents relating to methods and means of travel, lodging, points of interest, and safety and security while traveling, including but not limited to personal safety and information security;

   h. All records or other information stored by an individual using the account, including address books, contact and buddy lists, servers the user participates in, pictures, and files;

   i. Any and all communications, notes, and any other records reflecting physical contact, whether real or imagined, with minors, and any such items discussing sexual activities with minors;

   j. Any and all child erotica, including photographs of children that are not sexually explicit, drawings, sketches, fantasy writings, diaries, and sexual aids;

   k. All records and information relating to the location, past or present, of TROY GEORGE SKINNER.

A federal magistrate judge also approved these warrant applications (hereinafter the "Gmail Warrants").

Following a search of defendant's ▮▮▮▮▮▮▮▮▮▮▮▮ account for the items identified in Attachment B to the Gmail Warrants, the government identified an image file entitled "20180203_074421.jpg," which was created on or about February 3-4, 2018, and a movie file entitled "2018-03-05 17-50-35.flv", which was created on or about March 4-5, 2018.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

This image file serves as the basis for Count One in the Indictment. ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ This movie file serves as the basis for Count Four in the Indictment.

5

Following a search of defendant's ▮▮▮▮▮ account for the items identified in Attachment B to the Gmail Warrants, the government identified an image file entitled "20180223_120558.jpg", which was created on or about February 22-23, 2018. ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ This image file serves as the basis for Count Three in the Indictment.

Defendant now moves to suppress evidence found on his cell phone and in his email accounts claiming that their search and seizure violated his rights under the Fourth Amendment.

## LEGAL STANDARD

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. The second (or "Warrant") clause of the Amendment contains the particularity requirement, which was designed "to prevent general searches." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). "By limiting the authorization to search to the specific areas and things for which there is probable cause to search," the Supreme Court has explained, "the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Id.*

As the Court's explanation in *Garrison* reflects, the requirement that a warrant "particularly describ[e]" the place to be searched and things to be seized embodies two "related but distinct concepts": "breadth and particularity." *United States v. Ulbricht*, 858 F.3d 71, 102 (2d Cir. 2017), *pet. for cert. filed*, No. 17-950 (Jan. 4, 2018). "Particularity is the requirement

6

that the warrant must clearly state what is sought," while "[b]readth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based." *United States v. Hill*, 459 F.3d 966, 973 (9th Cir. 2006) (internal citation and quotations omitted), *cert. denied*, 549 U.S. 1299 (2007); s*ee also United States v. Hoang Anh Thi Duong*, 156 F. Supp. 2d 564, 571 (E.D. Va. 2001) (under the particularity requirement, "the warrant must enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize.") (internal citation and quotations omitted). That said, "[c]ourts must refrain from interpreting warrant terms in a 'hypertechnical' manner, and should instead employ a 'commonsense and realistic' approach." *United States v. Dargan*, 738 F.3d 643, 647 (4th Cir. 2013) (citing *U.S. v. Williams*, 592 F.3d 511, 519 (4th Cir. 2010)).

"When reviewing a magistrate judge's probable cause determination, a court looks to whether there was a substantial basis for the decision." *United States v. Hurwitz*, 459 F.3d 463, 473 (4th Cir. 2006) (internal quotation omitted). "After-the-fact scrutiny by courts of the sufficiency of an affidavit should accord great deference to the magistrate's determination of probable cause." *Id.* (quoting *Illinois v. Gates*, 462 U.S. at 236 (internal quotation marks omitted)).

## ARGUMENT

Defendant seeks to suppress and exclude images and videos obtained pursuant to three separate search warrants, arguing that the warrants lacked particularity and were overbroad. But, the warrants, including the accompanying affidavits and attachments, adequately identified the evidence subject to seizure and amply justified the scope of the searches. In any event, the cure for any overbreadth is not the blanket suppress that defendant seeks, rather any offending language should be severed and the evidenced collected under it suppressed. Moreover, these

7

warrants were not so deficient as to particularity or probable cause as to prevent law enforcement agents from reasonably relying on them. Any constitutional infirmity therefore would not require suppression under the good-faith exception to the exclusionary rule.

**A.     The Warrants Were Sufficiently Particular**

The particularity requirement applies to the warrant, as opposed to the application or supporting affidavit submitted by the applicant. *Hurwitz,* 459 F.3d at 470 (citing *Groh v. Ramirez,* 540 U.S. 551, 557 (2004)). The particularity requirement, however, may be satisfied by cross-reference in the warrant to separate documents that identify items to be seized in sufficient detail. *See Groh* 540 U.S. at 557–58. "As a general rule, a supporting affidavit or document may be read together with (and considered part of) a warrant that otherwise lacks sufficient particularity 'if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant.' " *Hurwitz,* 459 F.3d at 470–71 (quoting *Groh,* 540 U.S. at 557–58, 124 S.Ct. 1284). In the Fourth Circuit, it is sufficient either for the warrant to incorporate the supporting document by reference or for the supporting document to be attached to the warrant itself. *Id.* at 471. The entire warrant should be reviewed as a whole. *United States v. Washington,* 852 F.2d 803, 805 (4th Cir.1988). Accordingly, all three warrants at issue here should be reviewed as a whole, including the supporting affidavits and attachments.

In this case, the warrants' descriptions of the items subject to seizure were adequately particularized because the warrants identified the items to be seized by their relation to designated crimes and in so doing adequately limited the executing agents' discretion. *See United States v. Russian*, 848 F.3d 1239, 1245 (10th Cir. 2017) (Gorsuch, J.) ("[W]arrants may pass the particularity test if they limit their scope either to evidence of specific federal crimes or to specific types of material.") (internal citations and quotations omitted). Specifically,

Attachment B to the Cell Phone Warrant authorized agents to seize "records and information relating to" any of the subject offenses. Attachment B to the Gmail Warrants authorized agents to seize from what Google produced "all information … that constitutes fruits, contraband, evidence, and instrumentalities" of the subject offenses. Accordingly, the executing agents were authorized "to seize only evidence of a particular crime" and could not engage in exploratory searches for general evidence of criminality. *See United States v. Fawole*, 785 F.2d 1141, 1144 (4th Cir. 1986) (a warrant generally satisfies the particularity requirement when it allows officers "to seize only evidence of a particular crime"); *United States v. Young*, 260 F. Supp. 3d 530, 549 (E.D. Va. 2017) (rejecting particularity challenge to warrant that sought "all records and documents" falling within eight enumerated categories).

In addition to requiring that the evidence seized related to specific crimes, the warrants also identified an illustrative list of the records at issue. Courts have held that a warrant meets the Fourth Amendment particularity requirement where, as here, the warrant contains a description of the items to be seized that is "delineated in part by an illustrative list of seizable items." *United States v. Riley*, 906 F.2d 841, 844-45 (2d Cir. 1990). In reaching this conclusion, courts have recognized that where, as here, a warrant contains an illustrative list of records, that list further limits the discretion of the executing agents to construe the warrant in light of the illustrative list and to seize only records similar to those records listed in the warrant. *Id.*

Defendant's argument that the Gmail Warrants were especially lacking in particularly misunderstands the nature of electronic evidence, and the reasonable means necessary to examine it in order to locate and extract the files that contain the evidence allowed to be seized pursuant to a search warrant. Section I of Attachment B to the Gmail Warrants itemized all the information to be disclosed by Google in connection with the identified email accounts. For

9

example, the warrant required Google to disclose the "contents of all emails associated with the user account identified in Attachment A." However, Section II of Attachment B to the Gmail Warrants then identified the information to be seized from what Google produced. The affidavit for the Gmail Warrants clearly explains the reason Google was required to produce broad categories of records related to the specified email accounts without first making a determination as to what was relevant or irrelevant to the investigation. Paragraph 24 of the affidavit reads:

> The provider is neither qualified nor trained to search the account information as would a law enforcement officer. Only a trained agent, familiar with the statutory violations and facts of the case, can determine what items should or should not be seized. For these reasons, the Affiant requests the provider disclose the records listed in Section I of Attachment B, for the account(s) listed in Attachment A.

Gmail Aff. ¶24.

In short, the warrants in this matter sought with sufficient particularity evidence that defendant engaged in the production of child pornography, distribution or receipt of child pornography, enticement of a minor, and attempted kidnapping.

**B.     The Warrants Also Satisfied The Fourth Amendement's Breadth Requirement**

The facts set forth in the affidavits at issue amply support the common-sense conclusions reach by two separate magistrate judges to authorize the seizure of the categories of records listed in the attachments. For example, the Cell Phone Warrant authorized the seizure of "[a]ll records relating to TROY GEORGE SKINNER's Internet search and online shopping histories." *See* Cell Phone Att. B ¶ 1j; Def.'s Mot. 3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Cell Phone Aff. ¶¶ 40-41.

The Cell Phone Warrant also authorized the seizure of "any and all information relating

10

to any and all Discord accounts/usernames used by TROY BRANDON SKINNER." *See* Cell Phone Att. B ¶ 1h; Def.'s Mot. 3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cell Phone Aff. ¶¶ 32-34, 39. The affidavit also identified at least two separate Discord user names associated with defendant. *Id.*

Both the Cell Phone Warrant and the Gmail Warrants authorized the seizure of "all visual depictions of minors" and "all communications with minors." *See* Cell Phone Att. B ¶¶ 1a, 1b; Gmail Att. B ¶¶ IIc, IId; Def.'s Mot. 3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cell Phone Aff. ¶¶ 36-39; Gmail Aff. ¶¶ 30-32. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* The affidavit accompanying the Cell Phone Warrant also set forth common characteristics of child pornography collectors based on the Affiant's knowledge, experience, and training in child pornography investigations. Cell Phone Aff. ¶¶ 17-24. These facts taken together made it reasonable to infer that defendant possessed some quantity of child pornography. *Cf. United States v. Vosburgh*, 602 F.3d 512, 528-29 (3rd Cir. 2010) (finding that officers could reasonably infer that defendant "already possessed some quantity of child pornography" after his "repeated, deliberate attempts to access" child pornography trading site.). Additionally, this category of evidence must be read in light of the subject offenses listed in the warrant immediately before it.

11

*See Andresen v. Maryland*, 427 U.S. 463, 479-81 (1976) (the phrase "together with other fruits, instrumentalities, and evidence of crime at this (time unknown)," had to be read in context and together with the warrant's "lengthy list of specified and particular items to be seized"). When it is so read, the warrant's reference to "all visual depictions of minors" serves to focus the agents on those visual depictions that relate to the subject offenses.

**C.     Any Overbroad Warrant Language May Be Severed**

Even if any overbreadth required suppression, it would not support exclusion of the images and videos recovered from defendant's cell phone and his email accounts. Rather, under the doctrine of severance, any suppression remedy would be limited to evidence seized under the portion of the warrant that is overbroad, which would at most be any information related to other minor children seized pursuant to the Gmail Warrants, as those warrants inadvertently did not include facts regarding the common characteristics of child pornography collectors. The courts of appeals have uniformly applied the doctrine of severance (also sometimes referred to as "partial suppression" or "redaction") when a warrant only partly satisfies either the particularity or probable cause requirements. *United States v. Sells*, 463 F.3d 1148, 1150 n.1 (10th Cir. 2006) (citing cases from every circuit), *cert. denied*, 549 U.S. 1229 (2007); *see also United States v. Jones*, No. 3:17-cr-71, 2018 WL 935396, at *16 (E.D. Va. Feb. 16, 2018) (recognizing doctrine). The doctrine reflects a judgment that "it would be harsh medicine indeed if a warrant issued on probable cause and particularly describing certain items were to be invalidated in toto merely because the affiant and magistrate erred in seeking and permitting a search for other items as well." 2 Wayne R. LaFave, *Search And Seizure: A Treatise On The Fourth Amendment* § 4.6(f) (5th ed. 2012). Similarly, it would be absurd to suppress sexually explicit images and videos of the minor child described in detail in the affidavits because the warrants authorized the seizure of

12

"all visual depictions of minors." Cell Phone Att. B ¶ 1a; Gmail Att. B ¶ IIc.

## D. Suppression Is Not An Appropriate Remedy

Even if defendant's particularity and overbreadth challenges were meritorious, suppression of all the evidence obtained via the warrants would be not be justified under the good-faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 922 (1984); *see also United States v. Burton*, 756 Fed. Appx 295, 300-01 (4th Cir. 2018) (assuming, without deciding that cell phone and home warrants were overbroad, court found that officers acted in good-faith reliance on warrants); *United States v. Qazah*, 810 F.3d 879, 885-86 (4th Cir. 2015) (explaining that "[w]hen officers obtain a search warrant but the requirements of the Fourth Amendment are nonetheless violated, evidence recovered during the search may" be excluded "in certain egregious cases," but that "in the ordinary course, the exclusion of evidence is not the proper remedy"), *cert. denied*, 136 S. Ct. 2398 (2016). As the Supreme Court has explained, the exclusionary rule "does not apply when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid." *Davis v. United States*, 564 U.S. 229, 238-39 (2011) (quoting *Leon*, 468 U.S. at 922). "The error in such a case rests with the issuing magistrate, not the police officer, and 'punish[ing] the errors of judges' is not the office of the exclusionary rule." *Id.* at 239 (quoting *Leon*, 468 U.S. at 916). Of relevance here, the Court has applied that reasoning both where the warrant was allegedly unsupported by probable cause (as in *Leon*, 468 U.S. at 903), and where it was found to be overbroad (as in the companion case of *Massachusetts v. Sheppard*, 468 U.S. 981, 988-91 (1984)).

The circumstances of this case fall within the heartland of the good-faith exception. The Affiants prepared 17 and 18 page affidavits that (a) described in detail facts that undisputedly establish probable cause to believe that defendant committed the subject offenses and (b) also

13

included facts to establish probable cause that evidence of those violations would be found on the defendant's phones and in his email accounts. The warrant applications were reviewed by prosecutors. The Affiants then submitted the applications to two separate neutral magistrate judges. Having thus taken "every step that could reasonably be expected," the Affiants were entitled to conclude "that the warrant[s] authorized a search for the materials outlined in the affidavit[s]," *Sheppard*, 468 U.S. at 989. *See United States v. McLamb*, 880 F.3d 685, 690-91 (4th Cir. 2018) (good-faith exception applied where no "judicial precedent" had re-solved legal questions underlying the issuing judge's authority and the FBI consulted with prosecutors before seeking the warrant).

None of the exceptions recognized in *Leon* applies here, nor has the defendant made any claim otherwise. Even if the particularity challenges raised by defendant were meritorious, any lack of particularity did not render the warrant "so facially deficient … that the executing officers [could] not reasonably presume it to be valid." *Leon*, 468 U.S. at 923. To the contrary, because courts have rejected particularity challenges to similar provisions in other warrants, *see* pp. 8-9, *supra*, "a reasonably well trained officer would [not] have known that" the warrant here was invalid "despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n.23. Even if the affidavits did not establish probable cause to support all the items seized, it was not so "bare bones" or "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923, 926; *see Millender*, 565 U.S. at 547 (stating that "the threshold for establishing this exception is a high one, and it should be"). Accordingly, the good-faith exception forecloses application of the exclusionary rule.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to suppress should be denied.

                                                Respectfully submitted,

                                                G. Zachary Terwilliger
                                                United States Attorney

By:    __/s/_____
            Brian Hood
            Katherine Lee Martin
            Assistant United States Attorneys
            United States Attorney's Office
            919 East Main Street, Suite 1900
            Richmond, Virginia 23219
            Phone: (804) 819-5400
            Fax: (804) 771-2316

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **April 26, 2019**, I filed the foregoing with the Clerk of Court, and provided a true copy to all counsel of record.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: \_\_/s/_____
Brian Hood
Katherine Lee Martin
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: katherine.martin@usdoj.gov