IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:19cr19 |
| ) | Hon. M. Hannah Lauck |
| TROY G. SKINNER, ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO SEVER

COMES NOW the defendant, Troy G. Skinner, by counsel, pursuant to Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure, to sever Counts 1 through 9 of the Superseding Indictment (the child pornography charges) from Counts 9 and 10 (the kidnapping charges) as not properly joined.

### BACKGROUND

On February 6, 2019, Mr. Skinner was indicted on four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), which carries a mandatory minimum sentence of fifteen years, and one count of kidnapping a minor, in violation of 18 U.S.C. § 1201(a)(1), (d) and (g), which carries a mandatory minimum sentence of twenty-five years. The child pornography charges alleged that the criminal conduct occurred in February and early March of 2018. Counts 1 and 3 charged that, in violation of Title 18 U.S.C. § 2251(a), on February 3-4, 2018 (Count 1) and February 22-23, 2018 (Count 3), Mr. Skinner, while in New Zealand, allegedly employed, used, persuaded, induced, enticed, and coerced a minor child in Goochland, Virginia, to "engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct." Counts 2 and 4 alleged that Mr. Skinner, on February 5-6, 2018 (Count 2), March 4-5, 2018 (Count 4), employed, used,

persuaded, induced, enticed, and coerced a minor child in Goochland, Virginia, to not only "engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct," but also with the purpose of "transmitting a live visual depiction of such conduct." The kidnapping was alleged to have occurred on June 22, 2018.

On September 18, 2019, the government obtained an 11-count Superseding Indictment against Mr. Skinner after receiving additional evidence from New Zealand. Counts 1 through 9 charged Mr. Skinner with production of child pornography, in violation of 18 U.S.C. § 2251(a), and Counts 10 and 11 charged him with kidnapping and attempted kidnapping of a minor, in violation of 18 U.S.C. § 1201(a)(1), (d) and (g) (Count 10) and kidnapping and attempted kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and (d) (Count 11). The Superseding Indictment expanded the dates of alleged production of child pornography back to January 13-14, 2018 (Counts 1, 2 and 3), January 16-17, 2018 (Counts 4 and 5), and January 25-26, 2018 (Count 6) through February 5-6, 22-23, and March 4-5, 2018 (Counts 7 through 9, respectively). The kidnapping allegations expanded upon the original indictment from alleging that the young woman with whom Mr. Skinner had an online relationship was kidnapped (Count 10), to include a kidnapping charge involving the young woman's mother (Count 11). The date of the alleged kidnappings remains the same, June 22, 2018.

In approximately December 2017, Mr. Skinner "met" the alleged minor victim of the kidnapping online through a gaming platform called Discord. The platform allows users of the platform to "chat" with each other. The users can message each other in the platform to have a typed "conversation." The users can also talk with each other while on a video call. ███

███

███

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████ The government obtained saved images of these chats which represent the basis for Counts 1 through 9. Mr. Skinner never shared these images or videos created with anyone else. All of Mr. Skinner's conduct as it relates to Counts 1 through 9 happened in New Zealand; the conduct alleged in Counts 10 and 11 occurred in the United States.

The kidnapping charges involve Mr. Skinner traveling from New Zealand to the United States, his journey beginning on June 20, 2018 and ending with Mr. Skinner getting shot in the neck by the young woman's mother as he threw a landscape brick through the back door of their residence in Goochland, Virginia on June 22, 2018 from outside the residence.

**ARGUMENT**

Admission of evidence in support of the production of child pornography charges in the trial of the kidnapping charges would be overwhelmingly prejudicial to Mr. Skinner, with little or no probative value in terms of the jury's consideration of the evidence in support of the kidnapping charges. The sinister nature of evidence of exploitation of a child by producing images of sexual conduct, if considered by the jury in conjunction with kidnapping charges, could very well poison the jury to such an extent that they do not properly consider the evidence in defense of the kidnapping charges, to the extreme prejudice of Mr. Skinner.

Under Federal Rule of Criminal Procedure 8(a), an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." However, a district court may sever the offenses charged, and order

separate trials, if the joinder of the offenses "appears to prejudice" the party. Fed.R.Crim.P. 14(a). *See United States v. Hornsby*, 666 F.3d 296, 308–09 (4th Cir. 2012). Even if a count is properly joined under Rule 8(a), the Court is permitted to sever that count from an indictment under Rule 14(a) if it appears that the defendant would be prejudiced by a single trial on all counts. Fed. R. Crim. P. 14(a). Thus, Rule 14(a) "contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required," even though severance is generally rare. *United States v. Cardwell,* 433 F.3d 378, 387 (4th Cir.2005) ("It is not enough for the defendant to show that severance offers him 'a better chance of acquittal.' " (quoting *United States v. Reavis,* 48 F.3d 763, 767 (4th Cir.1995))). "[A] district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)). *See Hornsby*, 666 F.3d at 309.

In ruling on a request to sever, however, "a trial court must balance any possible prejudice to the accused against the interests of the efficient administration of justice." *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988). The court should be cognizant of whether "evidence of the joined crimes 'would be mutually admissible for legitimate purposes in separate trials for each offense.' " *Id*. at 974 (quoting *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977) ). Not only can Mr. Skinner make a strong showing of prejudice, the prejudice of a trial with all counts before the jury would present overwhelming prejudice.

District courts are afforded great latitude in deciding whether to sever a count in an indictment. *See United States v. Lane*, 474 U.S. 438, 449 n.12 (1986) (noting that Rule 14 gives the trial judge discretion to determine whether prejudice from joinder of offenses warrants

severance); *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976) (same); *United States v. Gunn*, 968 F. Supp. 1089, 1094 (E.D. Va. 1997) ("The decision to sever is one within the broad discretion of the district court.").

The party seeking severance bears the burden of "a strong showing of prejudice." *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008). Accordingly, the Court should grant a defendant's motion for severance under Rule 14(a) when there is "a serious risk that a joint trial would…prevent the jury from making a reliable judgment about guilt or innocence." *Cardwell*, 433 F.3d at 387 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)) (internal quotations omitted).

One consideration in the Court's analysis is whether evidence that a defendant committed one crime would be probative and thus admissible at the defendant's separate trial for another crime. *Foutz*, 540 F.2d at 738. Here, in the absence of Counts 1 through 9, if the kidnapping counts were tried separately, the evidence regarding production of child pornography would be wholly inadmissible. The production of child pornography charges in no way bear on the evidence or elements of the kidnapping charges. A joint trial on all of these charges, however, would plainly impact the jury's consideration of the kidnapping counts. Because the evidence on the other counts in the Indictment would be inadmissible at a separate trial, the evidence on Counts 1 through 9 would impermissibly "spill over" to the other counts in a joint trial, thereby severely prejudicing Mr. Skinner. The jury might well conclude that a defendant who produces child pornography would be more likely to kidnap the person involved, or her mother, thus lessening the presumption of innocence on Counts 10 and 11. *See Foutz*, 540 F.2d at 736 (holding that severance is appropriate when "the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition."). As a

result of the likely prejudice to Mr. Skinner if Counts 1 through 9 were tried with Counts 10 and 11, the Court should sever Counts 10 and 11 and order a separate trial on those counts.

                            Respectfully Submitted,
                            **TROY G. SKINNER**

By:  _____/s/_____
           Counsel

Robert J. Wagner
VA Bar No. 27493
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0808
robert_wagner@fd.org

Laura Koenig
VA Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
laura_koenig@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

      Brian Hood
      Katherine Martin

US Attorney's Office
SunTrust Building
919 East Main Street
Suite 1900
Richmond, VA 23219

/s/
Robert J. Wagner
VA Bar No. 27493
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0808
robert_wagner@fd.org