IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:19cr19 |
| | ) | Hon. M. Hannah Lauck |
| TROY G. SKINNER, | ) | |
| Defendant. | ) | |

**Memorandum in Support of Defendant's Motion to Use Jury Questionnaire**

The defendant, Troy G. Skinner, by counsel, respectfully requests that the Court administer a jury questionnaire to assist in the selection of a jury in the above referenced case, pursuant to Rule 24 of Fed.R.Crim.P.  Although this is not a capital case where jury questionnaires are commonplace, Mr. Skinner requests the use of a jury questionnaire due to the significant pre-trial publicity surrounding this case, the likelihood of substantial prejudice by members of the venire panel, and the complex issues of the case.  Allowing the proposed jury questionnaire will provide Mr. Skinner with appropriate Sixth Amendment protections which assure the impaneling of an impartial jury, while also reducing the time in court required to select an impartial jury.

**Background**

Mr. Skinner has been charged in a five-count indictment with production of child pornography (Counts 1-4) and kidnapping of a minor (Count 5).  Mr. Skinner, who is from New Zealand, has been accused of attempting to coerce a minor female, who lives in Goochland, to engage in sexually explicit conduct for the purpose of producing visual depictions of said conduct.  In addition, Mr. Skinner allegedly traveled from New Zealand to the minor's home in an attempt to "seize, confine, inveigle, decoy, kidnap, abduct, and carry away, and hold for

ransom, reward and otherwise" the minor.   According to the government, Mr. Skinner's alleged conduct led to his being shot by the mother of the minor child.  The local and national press coverage of the shooting, including numerous articles in the Goochland newspaper, Richmond Times Dispatch, Washington Post, and surrounding area newspapers, in addition to the television news broadcasts, was immediate and unrelenting.

The effect of this publicity and the nature of the charges on juror impartiality needs to be explored before any peremptory strikes or strikes for cause are exercised by the defense.  Further the United States' current climate surrounding the immigration policy and gun control warrant additional inquiry.  Due to the pre-trial publicity, the Court should employ the use of a jury questionnaire to eliminate the risk of empaneling any juror who is biased against the defendant, or impaneling any juror with other preconceived notions about the subject matter of this case, which would properly lead to strikes for cause or peremptory strikes.  *See* U.S. Const. amend. VI.

Finally, by mailing the Juror Questionnaire to the venire in advance and asking more case specific questions during jury selection, important information will be made available to counsel and the Court, resulting in a more effective and efficient selection process.

**Supporting Authority**

Juror questionnaires are typically reserved for complex cases and capital cases; however, judges have the discretion to use them in many types of cases and have repeatedly granted parties the use of such questionnaires in complex and high profile cases such as this one.  The attached proposed Jury Questionnaire is analogous to ones used in this Court in the cases of *United States v. Irek Hamidullin,* 3:14cr 140 (E.D.Va., Richmond Division), *United States v. Jose Bran*, 3:12cr131 (E.D.Va., Richmond Division) and *United States v. Edward Okun*, 3:08cr132

(E.D.Va., Richmond Division); *see also United States v. Dinkins,* 691 F.3d 358 (4th Cir. 2012) (noting use of jury questionnaire in non-capital case); *Rosales-Lopez v. United States*, 451 U.S. 182, 188-89 (1981) (noting that the entire voir dire process is left to the discretion of the trial court); *United States v. Bakker*, 925 F.2d 728, 733 (4th Cir. 1991); *United States v. Blanding*, 250 F.3d 858, 859 (4th Cir. 2001) (noting use of jury questionnaire in a non-capital case); *United States v. Masiarczyk*, 1 Fed. Appx. 199, 211 (4th Cir. 2001) (per curiam) (unpublished); *United States v. Riding*, No. 5:08CR1, 2009 WL 36764, at *11 (N.D. W.Va. Jan. 6, 2009); *Lasher v. Day & Zimmerman Int'l, Inc*., No. 6:06-2681, 2008 WL 4449953, at *2 (D.S.C. Sept. 26, 2008); *Snyder v. Phelps*, 533 F. Supp. 2d 567, 583 (D. Md. 2008); *United States v. Joe*, 787 F. Supp. 548, 554 (E.D.Va. 1992). Additionally, a court's inquiry into racial or ethnic prejudice is appropriate when "the circumstances of the case indicate that there is a reasonable possibility that racial or ethnic prejudice might have influenced the jury." *See United States v. Salameh*, 152 F.2d 88, 121 (2d Cir. 1998), citing *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). *See also Mu'Min v. Virginia*, 500 U.S 415, 427 (1991). Such a danger of ethnic or religious prejudice exists in this case.

Moreover, considering the substantial pre-trial publicity, anticipated emotional responses to Mr. Skinner's alleged conduct and the likelihood of a lengthy trial, a jury questionnaire will also reduce "substantially the number of trial hours required to select the jury." *See Spell v. McDaniel*, 616 F. Supp. 1069, 1094 & n.31 (E.D.N.C. 1985), *aff'd in part, vacated in part on other grounds*, 824 F.2d 1380 (4th Cir. 1987).

In conclusion, Mr. Skinner respectfully requests the Court permit the use of the attached jury questionnaire.

                                                                 Respectfully Submitted,
                                                                 **TROY G. SKINNER**

                                 By:        _____/s/_____
                                                              Counsel

Robert J. Wagner
VA Bar No. 27493
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0808
robert_wagner@fd.org

Laura Koenig
VA Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
laura_koenig@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Brian Hood
>Katherine Martin
>US Attorney's Office
>SunTrust Building
>919 East Main Street
>Suite 1900
>Richmond, VA 23219

>/s/
>Robert J. Wagner
>VA Bar No. 27493
>Assistant Federal Public Defender
>Office of the Federal Public Defender
>701 E. Broad St., Ste. 3600
>Richmond, VA 23219
>(804) 565-0808
>robert_wagner@fd.org