IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 3:19cr19-MHL |
| v. ) | |
| ) | |
| TROY GEORGE SKINNER, ) | **FILED UNDER SEAL**[1] |
| ) | |
| *Defendant.* ) | |
| ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO SEVER**

The United States of America, by its undersigned attorneys, moves this Court to deny defendant TROY GEORGE SKINNER's motion to sever Counts One through Nine from Counts Ten and Eleven of the Superseding Indictment.

Defendant is properly charged with violations of law stemming from his production of child pornography, and after his minor victim sought to cut off their relationship his efforts to kidnap his minor victim and her family members. The progression of SKINNER's unlawful relationship with this minor ultimately culminated with him breaking through a glass door to gain entry to her home so that he could, as he told law enforcement agents when they arrived on the scene, "get to his girlfriend." Defendant's motion should be denied – the charges here are properly joined as they are of part of a common scheme or plan. Moreover, defendant has not

---

[1] Portions of the government's responsive pleadings to defendant's motions have been redacted because they contain extensive references to facts which fall under the ambit of 18 U.S.C. § 3509(d)(1)(A) and § 3509(d)(2), and are covered by this Court's Protective Order, (Doc. No. 4).

carried his substantial burden in demonstrating any alleged prejudice that may arise from a joint trial.

## FACTUAL AND PROCEDURAL BACKGROUND



Case 3:19-cr-00019-MHL Document 81 Filed 01/24/20 Page 3 of 14 PageID# 580



3



4

█████████████████████████████

On June 20, 2018, defendant departed from Auckland, New Zealand, via Qantas Airlines, arriving in Sydney, Australia. On the same day, SKINNER departed from Sydney, Australia, via American Airlines, arriving in Los Angeles, California. Defendant's travel on June 20 continued as he departed from Los Angeles, California, via American Airlines, arriving the next day on June 21, 2018, at Washington Dulles Airport in Dulles, Virginia. On June 21, 2018, defendant took the Greyhound Bus from Washington, D.C., to Richmond, Virginia. Defendant spent the night of June 21, 2018, at the Hostelling International located at 7 North 2nd Street, Richmond, Virginia.

On June 22, 2018, SKINNER traveled to the Walmart Supercenter (hereafter "Walmart"), located at 11400 West Broad Street Road, Glen Allen, Virginia. While at Walmart, defendant made two purchases. Defendant first purchased pepper spray. In a separate transaction, defendant purchased a clip knife and duct tape.

Later on the afternoon of June 22, 2018, SKINNER arrived at the minor's residence in Goochland, Virginia. The minor had previously given SKINNER her actual home address during one of their online chat sessions. Footprints on the ground that matched the tread on SKINNER's shoes indicate that SKINNER did not walk up the driveway to the minor's house but rather approached the residence from nearby woods.

5

Defendant attempted to gain entrance to the residence through a basement sliding glass door. Speaking through the glass door, defendant asked the minor's mother for help. The minor's mother told SKINNER to go away or she would call the police. SKINNER responded, "You're not going to help me?" or words to that effect, and the mother repeated her warning. At that point, defendant picked up a hard object and began to beat on the glass of the basement sliding glass door. Unsurprisingly, SKINNER's actions alarmed the minor, her sister and her mother, so they ran upstairs out of the basement and locked the door at the top of the steps. Family members telephoned the minor's father, who in turn called 911. The minor's father also instructed the mother to get the family pistol, which was in the house for protection. At one point, the minor's mother called out to SKINNER from inside the house and demanded that he leave, told him that the police were on their way, and further told him that she had a gun.

The defendant eventually went up the stairs connected to an outside deck that was located over the basement sliding glass door through which he first attempted to force his way into the residence. The entrance to the house from the deck was a wooden door that had a large glass panel. While on the deck, SKINNER took a large gardening stone and smashed the glass panel to this door. He then reached his upper body into the opening created by the smashed glass. As SKINNER's hand flailed about in an effort to reach the interior doorknob, the minor's mother screamed repeatedly that the police were on the way, and that she had a gun and would shoot him. When SKINNER persisted in reaching for the doorknob, the minor's mother fired her handgun twice, hitting SKINNER once in the neck.

Law enforcement officers with the Goochland County Sheriff's Office (GCSO) arrived on the scene shortly thereafter and found SKINNER covered in blood and lying in a neighbor's

6

yard. A GCSO deputy sheriff asked defendant what happened. Defendant told the deputy that he had been shot while trying to break the glass door. When the deputy asked further why he was trying to break the glass door, SKINNER said so that he could get to his girlfriend, or words to that effect.

In near proximity to SKINNER as he was lying on the ground was a sweatshirt, which investigators later connected to SKINNER. Underneath the sweatshirt was a knife, which was open and in an extended position. Officers also found a backpack nearby defendant, which they connected to him. A search of the backpack revealed a roll of duct tape. Investigators also recovered from defendant a small canister of pepper spray, as well as a hand-written checklist of items to bring, which included pepper spray and duct tape.

On September 18, 2019, a grand jury returned a Superseding Indictment charging defendant with nine counts of production of child pornography in violation of 18 U.S.C. § 2251(a) (Counts One through Nine); one count of kidnapping and attempted kidnapping of a minor in violation of 18 U.S.C. § 1201(a)(1), (d) and (g) (Count Ten); and one count of kidnapping and attempted kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (d) (Count Eleven).

Defendant now moves the Court to sever the nine counts charging him with production of child pornography, appealing to the Court's discretion under Rules 8 and 14 of the Federal Rules of Criminal Procedure. As grounds for severance, he asserts that the evidence of production of child pornography "in no way bear[s] on the evidence or elements of the kidnapping charges." Def.'s Mot. to Sever at 5 (Doc. No. 73). Defendant further claims that the jury might improperly

7

consider evidence concerning the production of child pornography charges in determining his guilt on the kidnapping charges. *Id.* His motion, however, lacks support for these claims.

## ARGUMENT

### A.   Joinder is Proper Under Rule 8(a)

Federal Rule of Criminal Procedure 8(a) provides for joinder of separate offenses where the offenses are of the same or similar character, based on the same act or transaction, or connected with parts of a common scheme or plan. The Fourth Circuit has interpreted the latter two prongs of this rule "flexibly, requiring [only] that the joined offenses have a 'logical relationship' to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (further noting that Rule 8(a) permits "very broad joinder because of the efficiency in trying the defendant on related counts in the same trial") (internal citation omitted); *see also Cataneo v. United States*, 167 F.2d 820, 823 (4th Cir. 1948) (noting that "transaction" is "a word of flexible meaning" that may encompass "a series of many occurrences, depending not so much on the immediateness of their connection, but upon their logical relationship.")

Significantly, "joinder is the rule rather than the exception." *United States v. Hawkins*, 589 F.3d 694, 700 (4th Cir. 2009) (internal quotation marks and citation omitted). In deciding whether certain offenses should be severed, a court must weigh the prejudice to the accused against the interest in efficient administration of judicial resources. *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977). This Court's decision with respect to severance is reviewed for abuse of discretion. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Here, defendant's production of child pornography has a logical connection to his kidnapping of the minor victim and her family members. To begin with, the defendant's crimes

occurred in short succession over the course of the six months from January to June 2018. The minor victim will be required to testify about both defendant's production of child pornography and the kidnapping charges. But most importantly, the evidence at trial will show the clear progression of SKINNER's exploitative and obsessive relationship with this minor, beginning with him persuading the minor to expose herself and engage in sexual acts for his personal pleasure, to his online harassment and manipulation of the minor when she tried to cut off their relationship, to his travel from New Zealand to the minor's home in Virginia where he broke through a glass door to gain entry while the minor and her family members were confined inside the home.

As the Eleventh Circuit has noted, "the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes." *United States v. Dominguez*, 226 F.3d 1235, 1239 (11th Cir. 2000)). Because the minor's insistence that SKINNER's unlawful sexual relationship with her end was the impetus of him to travel halfway across to globe in an effort to kidnap her and her family members, these charges are logically connected such that joinder is appropriate under Rule 8(a).

**B.** **Defendant Has Failed to Demonstrate Prejudice Under Rule 14(a)**

SKINNER argues in the alternative that, even if the child pornography production charges are properly joined with the other charges in the Superseding Indictment, the Court should exercise its discretion under Federal Rule of Criminal Procedure 14(a) and sever those counts. Rule 14(a) permits a court to order severance if joinder of the offenses appears to prejudice a defendant. There is a strong preference for joinder, however, and a party seeking severance under this Rule must demonstrate a "strong showing of prejudice." *United States v.*

9

*Mir*, 525 F.3d 351, 357 (4th Cir. 2008) (describing that a party seeking severance has "an uphill battle"). The decision whether to sever under Rule 14 rests within the sound discretion of the trial court. *Id*.

When offenses are properly joined under Rule 8(a), a court should grant severance under Rule 14 "only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A defendant must "establish that <u>actual</u> prejudice would result from a joint trial . . . and not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (emphasis added). Courts have frequently held that "speculative allegations," such as those made by the defendant here, are insufficient to satisfy the actual prejudice standard. *See United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002); *United States v. Becker*, 585 F.2d 703, 707 (4th Cir. 1978) ("Speculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion for severance.")

The Fourth Circuit has made it very clear that the "possibility of prejudice to the defendant from a joint trial is greatly diminished where the evidence of the joined crimes 'would be mutually admissible for legitimate purposes in separate trials for each offense.'" *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988) (citation omitted). That is certainly true here where evidence of defendant's sexual exploitation of his minor victim would be admissible in a separate trial of the kidnapping charges. Indeed, evidence admissible at a separate trial of the kidnapping charges would not be limited solely to the two-day period beginning with SKINNER's travel from New Zealand to the United States and ending with him breaking through a glass door at the minor's home in Goochland, Virginia. *See* Def.'s Mot. to Sever at 3.

Rather, the government would be entitled to introduce evidence explaining the nature and extent of defendant's relationship with the minor and elucidating his intent in traveling to her home, and trying to gain entry.

███████████ Rule 404(b) of the Federal Rules of Evidence explicitly lists motive as a permitted basis for potentially admitting other crimes evidence at trial.

███████████

Even so, the Fourth Circuit has repeatedly held that other crimes evidence that is intrinsic to a defendant's offense, regardless whether the crime was charged, may be admissible independent of any Rule 404(b) analysis when the evidence is necessary to complete the story of the crime on trial. *See, e.g., United States v. Siegel*, 536 F.3d 306, 320-21 (4th Cir. 2008) (evidence of prior identity theft and fraud admissible as "intrinsic" to charged offenses—of fraud, identity theft, and murder—reversing district court's pretrial ruling to the contrary), *United States v. Cooper*, 482 F.3d 658, 663-64 (4th Cir. 2007) (evidence of related violations of State environmental regulations, which were "intrinsic to the story of the crime," were not subject to the limits of Rule 404(b) or otherwise excludable under Rule 403); *United States v. Lipford*, 203 F.3d 259, 268-69 (4th Cir. 2000) (shooting at police officers executing search warrant, hitting one, were "acts intrinsic to the crime charged" not governed by Rule 404(b)); and *United States v. Chin*, 83 F.3d 83, 87-88 (4th Cir. 1996) (approving evidence of uncharged murder and threats to murder in prosecution of heroin distribution and other drug-related crimes as "acts intrinsic to the alleged crime").

11

Moreover, the defendant's claim that the jury might improperly consider evidence concerning the production of child pornography charges in determining his guilt on the kidnapping charges lacks specificity. *See* Def.'s Mot. to Sever at 5. And he fails to address how any risk of prejudice would not be alleviated with an appropriate limiting instruction. *Id.* Specifically, the Court can minimize any alleged prejudice by giving the following jury instruction:

> A separate crime is charged in each count of the superseding indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* § 12.12 (6th ed. 2013). The Fourth Circuit has concluded repeatedly that this type of limiting instruction alleviates potential prejudice that might arise from a joint trial on all offenses. *See United States v. Taylor,* No. 06-4137, 2007 WL 570409, at *2 (4th Cir. February 16, 2007) (affirming district court's denial of defendant's severance motion, in part, based on trial court's limiting instruction) (Payne, J.); *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1998) (same); *see also United States v. Okun*, No. 3:08cr132, 2009 WL 414012 *7-8 (E.D.Va. Feb. 18, 2009) (finding that defendant's unsupported assertion of prejudice stemming from the jury's "evidentiary mixing" was insufficient and, further, that defendant failed to show that "that the presumption that a curative instruction is sufficient has been overwhelmed") (Payne, J.).

Accordingly, the interests of speed, efficiency, and convenience of the federal judiciary outweigh the groundless assertions about potential prejudice made by defendant in this motion. *See Hawkins*, 589 F.3d at 700 ("the prospect of duplicating witness testimony, impaneling

additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding.") (citation omitted).

## CONCLUSION

Both because the offenses are properly joined, and as the defendant has not identified any actual prejudice resulting from being tried on all offenses alleged in the Superseding Indictment, the defendant's motion to sever should be denied.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    /s/
Katherine Lee Martin
Assistant United States Attorneys
United States Attorney's Office
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
Phone:  (804) 819-5400
Fax:  (804) 819-7417

13

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel.

      By  /s/
           Katherine Lee Martin
           Assistant United States Attorney
           United States Attorney's Office
           919 E. Main Street, Suite 1900
           Richmond, Virginia 23219-2447
           Phone:  (804) 819-5400
           Fax:  (804) 819-7417
           katherine.martin@usdoj.gov