**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Case No. 3:19cr19** |
| ) | |
| **TROY GEORGE SKINNER,** ) | |
| **Defendant** ) | |

**REPLY TO RESPONSE TO MOTION TO DISMISS COUNTS ONE THROUGH NINE FOR LACK OF SUBJECT-MATTER JURISDICTION AND VIOLATION OF DUE PROCESS**

Troy Skinner, through counsel, replies as follows to the government's response to his motion to dismiss Counts One through Nine of the indictment for lack of subject-matter jurisdiction and alternatively as a violation of his right to due process.

  I.   *Congress did not intend 18 U.S.C. § 2251 to apply to conduct by a non-citizen for acts committed in a foreign land.*

The government argues that Congress intended section 2251 to apply extraterritorially because Congress used the phrase "foreign commerce" in that statute. The government cites *United States v. Kalichenko*, 2019 WL 1559422 (E.D.N.Y. Apr. 10, 2019), to support its argument. As described in *Kalichenko*, Ms. Kalichenko made several videos and images of herself sexually exploiting her two-year-old daughter in the Ukraine and sent the videos and images to an American citizen in the United States via her cell phone and parcel delivery service. She then traveled to the United States ostensibly to testify against the American citizen and was arrested for her role in the production of, transportation into the United States, and importation into the United States of child pornography. In finding that section 2251(a) applied extraterritorially, the *Kalichenko* court relied on the same line of cases, 2019 WL 1559422 at *4, stemming from *United States v. Thomas*, 893

1

F.2d 1066 (9th Cir. 1990) (relying on *United States v. Baker*, 609 F.2d 134 (5th Cir. 1980) (construing extraterritorial application of 21 U.S.C. § 841 and misconstruing *United States v. Bowman*, 260 U.S. 94 (1922)), which Mr. Skinner has already explained misconstrued the Supreme Court's holding in 1922 in *United States v. Bowman*. *See* ECF No. 69 at 4-6. *Bowman* discussed an exception to the presumption against extraterritorial application, but only for offenses that are committed ***against the*** United States. 260 U.S. at 98.

The government has not responded at all to Mr. Skinner's argument that the reasoning and premise in the *Thomas* line of cases is faulty. The government simply cites those cases and then relies on the inclusion of the phrase "foreign commerce" to justify its position that section 2251(a) applies to acts of non-citizens committed entirely abroad. The Supreme Court has already explicitly rejected that argument. In *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010), the Supreme Court observed: "we have repeatedly held that even statutes that contain broad language in their definitions of 'commerce' that expressly refer to 'foreign commerce' do not apply abroad. The general reference to foreign commerce in the definition of 'interstate commerce' does not defeat the presumption against extraterritoriality." *Id.* at 262-63 (internal citations and quotation marks omitted).

The Supreme Court in *Morrison* went on to generally reject the government's other argument that because other parts of the child pornography statutes do explicitly apply extraterritorially, Congress must have intended all parts of the statutory scheme punishing child pornography to apply extraterritorially. In comparing a portion of the Securities Exchange Act that contained only general references to "foreign commerce" with portions of the Act that explicitly indicated extraterritorial application, the *Morrison* Court observed:

> it would be odd for Congress to indicate the extraterritorial application of the whole Exchange Act by means of a provision imposing a condition precedent to its application

2

> abroad. And if the whole Act applied abroad, why would the Commission's enabling regulations be limited to those preventing "evasion" of the Act, rather than all those preventing "violation"? The provision seems to us directed at actions abroad that might conceal a domestic violation, or might cause what would otherwise be a domestic violation to escape on a technicality. At most, the Solicitor General's proposed inference is possible; but possible interpretations of statutory language do not override the presumption against extraterritoriality.
>
> . . . Subsection 30(a) contains what § 10(b) lacks: a clear statement of extraterritorial effect. Its explicit provision for a specific extraterritorial application would be quite superfluous if the rest of the Exchange Act already applied to transactions on foreign exchanges—and its limitation of that application to securities of domestic issuers would be inoperative. Even if that were not true, when a statute provides for some extraterritorial application, the presumption against extraterritoriality operates to limit that provision to its terms.

*Id.* at 264-65. The Court should not credit nonbinding cases based on faulty reasoning in the face of clear Supreme Court holdings to the contrary. Section 2251(a) does not apply extraterritorially to individuals such as Mr. Skinner, a non-citizen whose alleged production acts occurred solely abroad.

## II. *Prosecution of Mr. Skinner in Counts One through Nine violates his right to due process.*

The government argues that there is a sufficient nexus between Mr. Skinner's acts in New Zealand and the United States because Mr. Skinner caused harm within the United States. The prosecution goes on to cite cases it represents stand for the proposition that the harm of child pornography is not just in the dissemination of child pornography but in the making, possessing, and private viewing of child pornography. That proposition about the harm of production of child pornography for private possession is certainly true in cases where the production of child pornography involves physical abuse of a minor, but does not apply in this case. In this case, as set forth in the original motion, Mr. Skinner engaged in a consensual, online romantic relationship with an individual he sincerely believed to be capable of consenting to sexual conduct under the laws that applied to him and his actions in New Zealand. Mr. Skinner was never in the other

3

individual's actual presence. No one else but the other individual was ever on the other end of the line in the United States. This case is unique.

The cases that the government cites in support of its harm argument are vastly different. In *United States v. Sherman*, 268 F.3d 539 (7th Cir. 2001), Mr. Sherman, an American citizen living in Illinois, mailed child pornography into Canada, possessed eight videotapes of prepubescent minors engaging in sexually explicit activity, and bought child pornography of young boys engaged in sexually explicit conduct. In *United States v. Norris*, 159 F.3d 926 (5th Cir. 1998) and *United States v. Church*, 701 F. Supp. 2d 814 (W.D. Va. 2010), the defendant took their computers into repair shops in Texas and Virginia respectively to have the computers repaired. Repair technicians discovered that the computers contained numerous images of children engaged in sexually explicit conduct. The images were of children that Mr. Norris and Mr. Church seemingly did not know and had never engaged in a sincere, romantic relationship with that they believed were lawful under the laws that applied to them in their respective states or within the United States.

Mr. Sherman, Mr. Norris, and Mr. Church were classic child pornography collectors and in Mr. Sherman's case, a classic child pornography distributor. Their conduct created a market for the production, dissemination, and continued viewing of child pornography. Mr. Skinner and his conduct could not be further from those categorizations and justifications for criminalization. As discussed in the original motion, Mr. Skinner has never been accused of anything related to child pornography other than the allegations in this case. In this case, he was involved in a consensual, online romantic relationship with an individual he sincerely believed capable of consenting to sexual conduct under the laws that applied to him and his actions in New Zealand. This case

involves two images and two videos generated during that relationship that Mr. Skinner never shared with a single person.

As Mr. Skinner pointed out in his original motion, counsel have not been able to find any, and the government points to none, cases addressing allegations like those against Mr. Skinner. The government is prosecuting a non-citizen for allegedly producing visual depictions under 18 U.S.C. § 2251(a) where the non-citizen's actions, as it relates to those charges, were confined entirely to a foreign country. In New Zealand, where all of Mr. Skinner's actions related to the alleged production of the charged visual depictions occurred, individuals sixteen years and older can consensually engage in sexual conduct. Individuals who reasonably believe that they are engaging in consensual sexual activity with a person of age, when in fact the person is not of age, cannot be prosecuted criminally in New Zealand. There could be no reasonable expectation by Mr. Skinner that his acts in New Zealand would render him subject to prosecution here.

### III.  *This Court does not have territorial jurisdiction over Counts One through Nine.*

The government last argues that if the Court finds that section 2251(a) does not apply extraterritorially, the Court should then find that it has territorial jurisdiction over Counts One through Nine because a part of the conduct involved occurred in the United States. Simply because one aspect of a particular crime alleged happens within the United States is not sufficient to trigger territorial jurisdiction. The question is where the act occurred that is the "focus" of the crime. *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 266-67 (2010) ("it is a rare case of prohibited extraterritorial application that lacks all contact with the territory of the United States. But the presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever some domestic activity is involved in the case."). In *Morrison*, the Supreme Court held that the act that was the "focus" of the Securities Exchange Act was, as one would

logically assume, the exchange of securities. The Act did not punish all deceptive conduct, rather only that deceptive conduct done in connection with the exchange of securities. Thus, only the sovereign where the exchange of securities occurred could exercise territorial jurisdiction.

Here, the clear focus of section 2251(a) is the production of child pornography. The statute does not criminalize sexual behavior itself. The statute is keenly focused on the creation of child pornography not simply sexual acts involving a child. The evidence in this case indicates that the production of the visual representations in Counts One through Nine occurred in New Zealand. Thus, under *Morrison* and its reasoning, only New Zealand could exercise territorial jurisdiction over those acts.

## CONCLUSION

As discussed above and in the original motion, this Court does not have subject matter jurisdiction over Counts One through Nine in this case. Additionally, the government's prosecution of Mr. Skinner in Counts One through Nine violates his right to due process. The Court must dismiss Counts One through Nine.

                    Respectfully submitted,
                    TROY GEORGE SKINNER

By:          /s/_____
        Laura Koenig
        Va. Bar No. 86840
        Counsel for Defendant
        Office of the Federal Public Defender
        701 E Broad Street, Suite 3600
        Richmond, VA 23219-1884
        Ph. (804) 565-0881
        Fax (804) 648-5033
        laura_koenig@fd.org

        Robert Wagner
        Va. Bar No. 27493

Office of the Federal Public Defender
701 East Broad Street, Suite 3600
Richmond, VA 23219
Ph. (804) 565-0808
Fax (804) 648-5033
robert_wagner@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of this filing to all counsel of record.

_____/s/_____
Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
laura_koenig@fd.org