IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 3:19cr19** |
| | ) | **Hon. M. Hannah Lauck** |
| **TROY G. SKINNER,** | ) | |
| | ) | **(Redacted)** |
| **Defendant.** | ) | |

### Defendant's Reply to Government's Response to his Motion to Dismiss On Due Process Grounds

COMES NOW, the defendant, by counsel, and submits his reply to the government's response to his motion to dismiss Counts 1 through 9 of the pending superseding indictment on due process grounds. This request to dismiss Counts 1 through 9 on due process grounds should be viewed by the Court through the lens of the very unique nature of this prosecution, and the facts and circumstances of this case. The government has prosecuted a case with a 15-year mandatory minimum sentence under a factual scenario that cannot justify such a sentence, and under a legal standard with an extremely low bar. As to the element of proof of age, it is a strict liability standard. As to the facts in this case, there is no evidence to demonstrate that Mr. Skinner intended to do what the law forbids.

[REDACTED]

1

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████ These are the facts underlying the defendant's due process challenge in this case.[1]

In its Response, the government primarily relies on authority from a district court in Wisconsin, *United States v. Tollefson*, 2019 WL 644831 (E.D. Wis. 2019), to "thoroughly dismantle the defendant's argument." Gov't Resp. at 15. A close look at *Tollefson* actually supports the defendant's position, and it is the legal standards articulated in *Tollefson* that form the premise for the defendant's request for constitutional relief under due process principles.

The relief sought in *Tollefson* was denied primarily on the basis of a facial challenge to the statute at issue, 18 U.S.C. § 2251(a). In fact, Tollefson did not even rely on the specific facts of his case to argue for relief, only that these were online communications. In his brief, the defendant stated, "it's not the facts of this case that render § 2251 unconstitutional." *Tollefson* at *12, n. 2. That is understandable because the facts of his case were disturbing. Tollefson, who was 43 at the time, posing as a 15 year old, engaged in coercive sexual activity with a girl who communicated to him that she was 13 years of age and that she was in the eighth grade. *Id*. at *1. He paid her in virtual currency and virtual gifts, through a website Live.me, to take pictures of herself and send images of graphic masturbation. *Id*. at *2-3. Any as-applied challenge that may have been raised by the defendant in *Tollefson* was not based on the facts of the case, but

---

[1] ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

rather on the general principle that this was online communication and not face-to-face conduct.[2]

In this case, it is the facts that warrant dismissal based on due process principles, or at least warrant the granting of a reasonable mistake of age defense instruction to the jury. In *Tollefson*, the defendant never requested a reasonable mistake of age defense instruction to cure any alleged defects in the statute or charges; the facts did not support such a remedy. Consequently, the court in *Tollefson* never considered the defendant's constitutional challenges in the context of a reasonable mistake of age defense instruction. This distinction is significant.

Mr. Skinner presents facts and circumstances in this case unlike any found by counsel, and apparently by the government, in researching these issues. The mitigating factual circumstances in this case should compel the Court to either dismiss the charges or, in the alternative, to consider options that will provide a full and fair opportunity for the fact-finder to make a reasonable and just decision. The statute at issue, as applied by the government in this prosecution and under the facts of this case, offends principles of justice "so rooted in the traditions and conscience of our people as to be ranked as fundamental." *See Tollefson* at *9, citing *United States v. Ransom*, 942 F.2d 775, 776–77 (10th Cir. 1991) and *Snyder v. Massachusetts,* 291 U.S. 97, 105 (1934).

The facts involve a virtual setting in which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at least as far as the defendant was concerned. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The defendant, who was

---

[2] The district court noted in *Tollefson* that "Tollefson does not explicitly say which constitutional provision" underlies the argument he was presenting. The court was forced to speculate as to whether it was a First Amendment challenge or a due process challenge. *Id*. at *7

3

across the globe, ███████████████████████████████████████████ He did not believe that he was doing anything unlawful. Under these facts and circumstances, a felony conviction and a 15-year mandatory minimum sentence is fundamentally contrary to our justice system's norms. Such a construction and application of 18 U.S.C. § 2251(a) offends firmly rooted principles of justice in our country; before a person in our criminal justice system is subjected to a felony conviction and harsh penalties, the government must prove that the defendant acted with requisite criminal intent. Such intent does not exist in this case.

In its Response, the government relies on *United States v. Ruggiero*, 791 F.3d 1281, 1288 (11th Cir. 2015) as authority for its position, asserting that the Eleventh Circuit's treatment of mens rea in the § 2251(a) context, justifies the lack of a scienter requirement in the age element of the offense. Gov't Resp. 14-15. *Ruggiero* refers to an "ancient requirement of a culpable state of mind" in explaining that a requirement of knowledge of age in this statute is unnecessary. *Id*. at 1287. But the facts of *Ruggiero*'s as-applied challenge involved the defendant convincing the victim to meet him in person, drove to her house, had sex with her, persuaded her "to participate in more sexual conduct, including performing oral sex on him and posing nude on his bed." The images were not created by the minor, but instead Ruggiero "used his cell phone camera to take pictures of [the victim] in these and other sexually explicit positions." *Id*. at 1284. The facts of *Ruggiero* are plainly distinguishable from the facts of this case, and lend little support to this analysis.

What is required in the analysis of this case on due process grounds is careful consideration of the facts and circumstances. Once considered, this Court must recognize that this prosecution violates Mr. Skinner's due process rights.

*Conclusion*

As presented here and in the original motion, Mr. Skinner asks that the Court dismiss Counts 1 through 9 of the pending superseding indictment on Fifth Amendment due process grounds. In the alternative, he requests that the Court grant a reasonable mistake of age defense instruction.

Respectfully Submitted,
**TROY G. SKINNER**

By: _____/s/_____
Counsel

Robert J. Wagner
Va. Bar No. 27493
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0808
robert_wagner@fd.org

Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
laura_koenig@fd.org

## CERTIFICATE OF SERVICE

       I hereby certify that on January 30, 2020, I filed the foregoing unredacted version of this pleading with the Clerk of the Court, and sent a copy of such filing to:

>Brian Hood
>Katherine Martin
>US Attorney's Office
>SunTrust Building
>919 East Main Street
>Suite 1900
>Richmond, VA 23219

                    /s/
                Robert J. Wagner
                Va. Bar No. 27493
                Assistant Federal Public Defender
                Office of the Federal Public Defender
                701 E. Broad St., Ste. 3600
                Richmond, VA 23219
                (804) 565-0830
                robert_wagner@fd.org