IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 3:19cr19** |
| | ) | |
| **TROY GEORGE SKINNER,** | ) | |
|     **Defendant** | ) | |

### REPLY TO RESPONSE TO MOTION TO SUPPRESS EVIDENCE

Troy Skinner, through counsel, replies as follows to the government's response to his motion to suppress images and videos that the government obtained from his Google accounts and his cell phone in violation of the Fourth Amendment:

**I.** *Contrary to government's assertion, affidavits in support of search warrants cannot be used to shore up defects in the particularity of the warrants themselves in this case.*

In its response, the government attempts to shore up the defects in the warrants' lack of particularity by asking the Court to rely on the information contained in the affidavits in support of the search warrants. The Court cannot do so in this case. As the government points out, in examining whether the warrant particularly describes the items to be seized, the Fourth Circuit allows courts to rely on documents that the warrant itself incorporates or that are physically attached to the warrant at the time of its execution. *See United States v. Hurwitz*, 459 F.3d 463, 471 (4th Cir. 2006) (recognizing that under *Groh v. Ramirez*, 540 U.S. 551 (2004), majority of Courts of Appeal have required both incorporation of documents and physical attachment at time of execution, and holding to the contrary that either rather than both is sufficient).

All evidence indicates, however, that neither of those circumstances happened here. It is clear from the face of the warrants that they did not incorporate by reference the affidavits in

1

support of the warrant. Thus, the only way under *Hurwitz* that the government can argue that the Court can rely on the affidavits in evaluating the whether the warrants particularly described the items to be seized is if the affidavits were physically attached to the warrants themselves at the time of the execution of the warrants.

As it relates to the search warrants for Mr. Skinner's Google accounts, the government applied for the warrants on October 12, 2018, at 1:50 p.m. while simultaneously obtaining orders to seal the search warrants and affidavits in support of the warrants. The Court sealed the warrants and the accompanying affidavits, and they remain sealed to this day. According to information the government provided in discovery, the government served the search warrants on Google via the LERS system, which is an online system for law enforcement to request information from various digital media companies, on October 12, 2018, at 4:20 p.m. Unless the officers violated the terms of the orders sealing the affidavits in order to send the affidavits to LERS, the affidavits would not have physically accompanied the warrants.

Similarly, the government applied for the warrant for Mr. Skinner's cell phone on July 20, 2018. At that same time, the Court entered an order sealing the warrant and affidavit in support of the warrant upon execution of the warrant. *See United States v. Samsung GT-19300*, 3:18sw180 (E.D. Va. July 20, 2018). Undersigned counsel is not aware of any evidence indicating that the affidavit in support of the search warrant was physically attached to the search warrant during the execution of the search warrant.

The purpose of these requirements—that the warrant either incorporate any document it relies on to identify what may be searched and seized or that those documents physically accompany the warrant during its execution—is to inform the person whose property is being searched and also the individual or individuals actually performing the search of the justifications

2

for and the limits of the search. *See Groh*, 540 U.S. at 557 ("The presence of a search warrant serves a high function, and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection."). That purpose is thwarted completely when the warrant authorized is essentially a general warrant as the warrants here were.

## II. The breadth of the information that the warrants authorized seizure for in comparison to probable cause set forth invalidates the warrants and cannot merely be severed.

The government urges the Court to sever the overbroad portions of the warrants, but the pervasiveness of the invalid portions of the warrant prevent severance. "Severability can apply to a warrant with invalid portions 'only if the valid portions of the warrant [are] sufficiently particularized, distinguishable from the invalid portions, and make up the greater part of the warrant.'" *United States v. Sells*, 463 F.3d 1148, 1151 (10th Cir. 2006) (quoting *United States v. Naugle*, 997 F.3d 819, 822 (10th Cir. 1993)); *United States v. Sykes*, No. 2016 WL 8291220, at *17 (E.D.N.C. Aug. 22, 2016), report and recommendation adopted, 2016 WL 6882839 (E.D.N.C. Nov. 22, 2016). "While the severance analysis does not end with a mere counting of provisions, the number of valid versus invalid provisions is one element in the analysis of which portion makes up the greater part of the warrant." *Cassady v. Goering*, 567 F.3d 628, 640 (10th Cir. 2009).

In this case, "[t]he scope and invasiveness of the invalid portions also counsel against severance," *United States v. Powers*, 1 F. Supp. 3d 470, 479 (M.D.N.C. 2014) (finding severability inappropriate because the court could not conclude that valid portion of the warrant made up the greater part of the warrant). Here, the warrants list only broad categories of materials, all of which are broader than the scope of probable cause, and none of which particularly describe the set of

information for which probable cause existed. For example, in the Google account warrants, only one paragraph out of eleven listed in the items to be searched for and seized limits itself to evidence involving the one alleged victim identified in the affidavit. That paragraph authorized only the seizure of communications Mr. Skinner may have had with other individuals about the one alleged victim and mentioned nothing about child pornography or kidnapping. Such insignificant or tangential information does not support or even make severance possible. *See, e.g.*, *United States v. Marcus*, 807 F. Supp. 934, 937 (E.D.N.Y. 1992) (refusing to sever overbroad portions of warrant where probable cause established reason to believe four pornographic slides would be found, but those four slides were not even specifically described in the warrant).

The government's expected reliance on the good faith argument does not save these warrants. *See, e.g.*, *Marcus*, 807 F. Supp. at 935 (finding good faith inapplicable to warrant based on probable cause to search for four pornographic slides where warrant did not even describe slides and greatly expanded the types of information and items that could be searched and seized); *see also Cassady*, 567 F.3d at 643-44 (rejecting qualified immunity and finding that no reasonable officer could have believed that impermissibly broad warrant complied with Fourth Amendment). The Court should suppress all evidence seized pursuant to the search of Mr. Skinner's phone and his Google accounts.

### III. *Extended seizure of Mr. Skinner's cell phone before obtaining search warrant was unreasonable.*

The government's response of a timeline to Mr. Skinner's argument that the extended seizure of his cell phone before law enforcement officers obtained a search warrant does not make the extended seizure reasonable. Law enforcement officers became aware of this case on June 22, 2018. *See* ECF No. 80 at 17. Local law enforcement officers seized Mr. Skinner's phone at that time. The FBI learned of the case the following day, Saturday, June 23, 2018. *Id.* at 18. The FBI

4

took possession of the phone on Monday, June 25, 2018. *Id.* No action was taken to search the phone until July 9, 2018, when one federal agent working on this case (of several who have participated in the investigation of this case) drafted the search warrant affidavit. *Id.* at 19. Ten days after that, another federal agent working on the case approved a final draft of the search warrant affidavit and presented it to a magistrate judge the following day. *Id.* at 20-21.

There is nothing in the government's timeline that indicates that the government felt any pressing need to exercise diligence in obtaining a search warrant of Mr. Skinner's phone. None of the facts that government proffers in the timeline justify a 29-day delay between the seizure of the phone and obtaining the search warrant for it. There was more than one federal agent working on this case, and yet, it was not until twenty-eight days after the seizure that a second federal agent stepped in to seemingly jumpstart the process of obtaining the warrant. The government fails to mention in its timeline that at least nine local law enforcement officers were also involved in the investigation. Seemingly no consideration was given to asking one of those officers to draft and obtain a search warrant for the phone.

The Fourth Circuit in *Pratt* relied on *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009), where the Eleventh Circuit suppressed evidence from a search of a cell phone because law enforcement officers had delayed obtaining a search warrant for twenty-one days. In *Mitchell*, the case agent had left town for a training and made no arrangements to apply for the warrant before leaving or pass the case along to someone else. That failure to exercise diligence in obtaining a warrant is almost identical to the delay in this case. The government's timeline in this case includes references to a training and some other investigative activity, but nothing particularly taxing that would have prevented the case agent from involving another agent in the case earlier or tasking the associated local law enforcement officers who were working on the case with obtaining the

warrant. Mr. Skinner did nothing to diminish his privacy interest in his phone, and as such, his expectation of privacy in his phone remained robust. Just as in *Pratt*, a twenty-nine day delay between the seizure and obtaining the search warrant "violates the Fourth Amendment where the government neither proceeds diligently nor presents an overriding reason for the delay." *Pratt*, 915 F.3d at 273. The Court should suppress the contents of Mr. Skinner's cell phone that the government illegally seized.

## CONCLUSION

Thus, as set forth above and in the original motion, the Court should suppress images and videos the government obtained from Mr. Skinner's Google accounts and his cell phone in violation of the Fourth Amendment.

                                                  Respectfully submitted,
                                                  TROY GEORGE SKINNER

By: _____/s/_____
       Laura Koenig
       Va. Bar No. 86840
       Counsel for Defendant
       Office of the Federal Public Defender
       701 E Broad Street, Suite 3600
       Richmond, VA 23219-1884
       Ph. (804) 565-0881
       Fax (804) 648-5033
       laura_koenig@fd.org

       Robert Wagner
       Va. Bar No. 27493
       Office of the Federal Public Defender
       701 East Broad Street, Suite 3600
       Richmond, VA 23219
       Ph. (804) 565-0808
       Fax (804) 648-5033
       robert_wagner@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 30, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                                     _____/s/_____
                                                   Laura Koenig
                                                   Va. Bar No. 86840
                                                   Counsel for Defendant
                                                   Office of the Federal Public Defender
                                                   701 E Broad Street, Suite 3600
                                                   Richmond, VA 23219-1884
                                                   Ph. (804) 565-0881
                                                   Fax (804) 648-5033
                                                   laura_koenig@fd.org