IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 3:19cr19-MHL |
| v. ) | |
| ) | |
| TROY GEORGE SKINNER, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**UNITED STATES' SUR-REPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS**

Defendant TROY GEORGE SKINNER now argues for the first time in his reply brief that the search warrants for his cell phones and email accounts violated the particularity requirement of the Fourth Amendment because he claims that none of the warrants incorporated supporting affidavits nor did any supporting documents accompany the warrants when they were executed. But this is not so.

There are three separate warrants at issue here: (1) a warrant obtained on July 20, 2018 authorizing the search of two cell phones seized from defendant at the time of his arrest (Case No. 3:18-sw-180) (hereinafter "Cell Phones Warrant"); (2) a warrant obtained on October 12, 2018 authorizing the search and seizure of information associated with email account johnvlogchamber@gmail.com (Case No. 3:18-sw-267); and (3) another warrant also obtained on October 12, 2018 authorizing the search and seizure of information associated with email account lottic.ysw@gmail.com (Case No. 3:18-sw-268) (hereinafter "Gmail Warrants"). In each instance, the warrant forms explicitly incorporated other documents, and documents identifying the property to be searched and the particular things to be seized were attached to the warrants when executed.

1

**ARGUMENT**

In *United States v. Hurwitz*, the Fourth Circuit found that a district court did not err by rejecting a physician's claim that a search warrant for his office was invalid because executing officers did not have the attachment particularly identifying the things to be seized with them at the time they executed the search warrant. 459 F.3d 463 (4th Cir. 2006). Citing the Supreme Court's decision in *Groh v. Ramirez,* the court stated that "[t]he particularity requirement of the Fourth Amendment may be satisfied by cross-reference in the warrant to separate documents that identify the property in sufficient detail." *Hurwitz,* 459 F.3d at 470 (citing *Groh v. Ramirez,* 540 U.S. 551, 557 (2004)); *United States v. Washington,* 852 F.2d 803, 805 (4th Cir.1988)). The *Hurwitz* court also acknowledged that "[a]s a general rule, a supporting affidavit or document may be read together with (and considered part of) a warrant that otherwise lacks sufficient particularity 'if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant.'" 459 F.3d at 470-71 (quoting *Groh,* 540 U.S. at 557-58).

The Fourth Circuit explicitly held, however, that it is sufficient *either* for the warrant to incorporate the supporting document by reference *or* for the supporting document to be attached to the warrant itself. *See Hurwitz,* 459 F.3d at 471 (citing *Washington,* 852 F.2d at 805) (concluding that the warrant was sufficiently particular where the warrant completely failed to refer to the supporting affidavit listing items to be seized, but the affidavit was attached, and explaining that "[a]n affidavit may provide the necessary particularity for a warrant if it is *either* incorporated into *or* attached to the warrant") (emphasis added) (internal quotation marks omitted).

In doing so, the Fourth Circuit noted that the Supreme Court in *Groh* declined to consider whether to require both of these things – appropriate words of incorporation and that the warrant

be accompanied by the cross-referenced documents that supply the requisite particularity – because in that case neither condition occurred. *See Hurwitz,* 459 F.3d at 471 (citing *Groh*, 540 U.S. at 558). The *Hurwitz* court also declined to follow the majority of other circuits that require the satisfaction of both requirements, while noting that at least one circuit agreed with its view that only one of the two requirements need be met. *See* 459 F.3d at 471 (comparing *Bartholomew v. Pennsylvania*, 221 F.3d 425, 428-29 (3d Cir. 2000); *United States v. McGrew*, 122 F.3d 847, 849-50 (9th Cir. 1997); *United States v. Dahlman*, 13 F.3d 1391, 1395 (10th Cir. 1993); *United States v. Dale*, 991 F.2d 819, 846-47 (D.C. Cir. 1993) (*per curiam*); *United States v. Morris*, 977 F.2d 677, 681 n. 3 (1st Cir. 1992); *United States v. Curry*, 911 F.2d 72, 77 (8th Cir. 1990) with *Baranski v. Fifteen Unknown ATF Agents,* 452 F.3d 433 (6th Cir.2006)) (en banc).

Before responding specifically to the defendant's assertions, it is worth reviewing what exactly was the problem with the warrant in *Groh*. In that case, an ATF special agent prepared an application for a search warrant that stated the search was for:

> [A]ny automatic firearms or parts to automatic weapons, destructive devices to include but not limited to grenades, grenade launchers, rocket launchers, and any and all receipts pertaining to the purchase or manufacture of automatic weapons or explosive devices or launchers.

*Groh*, 540 U.S. at 554. Although the application particularly described the place to be searched, and the contraband the affiant expected to find, the warrant itself was less specific; it failed to identify any of the items that investigators intended to seize. *Id*. In the portion of the form that called for a description of the "person or property" to be seized, the affiant typed a description of respondents' two-story blue house rather than the alleged stockpile of firearms. *Id*. Moreover, the warrant did not incorporate by reference the itemized list contained in the application. *Id*. Because of the failure of the warrant itself to identify the property to be seized, the Supreme

Court held that it did not meet the Fourth Amendment's particularity requirement, and thus the warrant was facially invalid. *Id.* at 557.

Clearly, the three search warrants the defendant contests here do not share the flaw at issue in *Groh*, and furthermore exceed the standard articulated in *Hurwitz*. Each warrant on its face incorporated by references the necessary supporting documents. Each of the warrants the government obtained was prepared using a standard form AO 93 Search and Seizure Warrant, which is a fillable form document issued by the Administrative Office of the U.S. Courts. This form document contained blank spaces for the affiants to identify the property to be searched and the items to be seized, and blank spaces for the magistrate judge to approve and sign the warrant, to state the date and time when he approved the warrant and to limit the time within which the agents had authority to execute the warrant.

In the space for identifying the property to be searched, the Cell Phones Warrant read "See Attachment A," and in the space for identifying the items to be seized read "See Attachment B"[1]. The Gmail Warrants both read "See Attachment A (copy attached), fully incorporated by reference herein" in the space for identifying the property to be searched and "Search Attachment B (copy attached), fully incorporated by reference herein" in the space for identifying the items to be seized. For all three search warrants, an impartial magistrate judge signed the warrant and affidavit.

---

[1] It is obvious after a brief look at the one-page "Search and Seizure Warrant" warrant that cross-referencing other documents would be necessary in nearly every instance. That is, the blank spaces on the one-page "Search and Seizure Warrant" form are not large enough to fit a fulsome description of the property to be searched and the particular things to be seized. Indeed, the attachment detailing the particular things to be seized from defendant's cell phones was over three pages long.

At the upcoming hearing on this motion, the government will present evidence that documents identifying the property to be searched and the particular things to be seized were attached to each warrant when it was executed.  On July 20, 2018, a magistrate judge signed the Cell Phones Warrant.  An FBI agent was the affiant for the warrant, and a copy of the warrant and all accompanying documents is maintained in the FBI case file for this matter.  After the government obtained the warrant, an FBI forensic examiner conducted a forensic examination of defendant's cell phones.  An FBI forensic examiner cannot begin a forensic examination within the FBI's system without first denoting that the proper legal authority was obtained and reviewed.  Here, the case file indicates that a review of the proper legal authority was complete before the examiner conducted his search.  What is more, it was the standard practice of the examiner who conducted the examination of defendant's cell phones to review attachments to a search warrant before beginning his examination.  This makes sense – without reviewing the attachments the examiner would have no way of knowing what he was looking for on the phones.

On October 12, 2018, a magistrate judge signed the Gmail Warrants.  Later that same day, an FBI agent served the search warrants on Google via the company's Law Enforcement Request or "LERS" electronic system.  A review of that system indicates that the agent provided Google with both the warrants and the warrants' accompanying attachments.  This too makes sense – without the accompanying attachments Google would be unable to respond to the warrant as they would have no idea what to produce.

Regarding the affidavits submitted in support of each of these warrants, SKINNER's claim that "[i]t is clear from the face of the warrants that they did not incorporate by reference the affidavits in support of the warrant," *see* Def.'s Reply at 1 (Doc. No. 92), is belied by even a

passing review of the actual search warrants. On the face of each AO 93 form, just under the fillable field dedicated to "*identify the person or property to be searched and give its location*" (emphasis in the original form), the language of the warrant expressly states: "I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property."

Accordingly, it is clear from both the law and the facts of this case that when considering whether the warrants here were sufficiently particular the Court may review all three warrants as a whole, including the supporting affidavits and attachments.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to suppress should be denied.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:   /s/_____
Brian Hood
Katherine Lee Martin
Assistant United States Attorneys
United States Attorney's Office 919
East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **February 4, 2020**, I filed the foregoing with the Clerk of Court, and provided a true copy to all counsel of record.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/
Katherine Lee Martin
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: katherine.martin@usdoj.gov