# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. )  )  TROY GEORGE SKINNER, )  )  *Defendant*. )  ) | Criminal No.  3:19-CR-19-MHL  **FILED UNDER SEAL**[1] |

### UNITED STATES RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING MOTION TO SUPPRESS EVIDENCE

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Brian R. Hood, and Katherine Lee Martin, Assistant United States Attorneys, hereby provides a brief response to Defendant's Supplemental Brief Regarding Motion to Suppress Evidence (ECF No. 102).

### I.   THE "COLLECTOR" LANGUAGE IN THE SEARCH WARRANT AFFIDAVIT WAS JUSTIFIED

Defendant's claim that the government's inclusion of "collector" language in the search warrant affidavit was unwarranted boilerplate language that helped make the search warrant a general warrant is unsupported by either the law or the facts.  Skinner argues in several places that the government's affidavit does not set forth particular facts identifying how he fit within a particular "profile" for a child pornography collector.  (Defense Supplemental Memo, pg. 2, 4, 6). About the question of a profile for a child pornography "collector," the Seventh Circuit has noted:

> [T]here is no magic "profile" of child pornography "collectors" that must be attested to in a search warrant affidavit.  In fact, the moniker "collector" merely recognizes that experts in the field have found that because child pornography is difficult to come by, those receiving the material often keep the images for years.  There is nothing especially unique about individuals who are "collectors" of child

---

[1] Because the government's responsive pleadings to defendant's pretrial motions contain extensive references to facts which fall under the ambit of 18 U.S.C. §§ 3509(d)(1)(A) and 3509(d)(2), and consistent with the Court's Protective Order (ECF No. 4), the government's responses have been filed under seal.

      pornography; rather, it is the nature of child pornography, i.e., its illegality and the difficulty procuring it, that causes recipients to become "collectors."

*United States v. Pappas*, 592 F.3d 799, 804 (7th Cir. 2010). In the *Pappas* case, the Court held that where defendant received 11 e-mails containing child pornography the inclusion of the "collector" language in affidavit was justified. *Id.*

      Though the government's affidavit for the Cell Phones Warrant (Case No. 3:18-sw-180) does not explicitly take the reader by the hand concerning facts warranting the collector profile language, there are ample facts from which the Court could make such an inference. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

These facts imply a solid likelihood that the defendant fit the profile of a collector that was holding on the child pornography he created with V1. The collector profile language was thus appropriate, and the search warrants obtained here were far from general warrants.

## II.     DEFENDANT IS UNABLE TO CONVINCINGLY DISTINGUISH *UNITED STATES V. WILLIAMS*

As the government noted in its Supplemental Memorandum (ECF 101), there was no unbridled fishing expedition into the entire contents of defendant's cell phone.  The scope of the government's search was restricted by the dates of alleged conduct in combination with the specific offenses set forth in the search warrant attachments.  The fact that a larger date range of material was extracted from the defendant's phone—and turned over in its entirety to defense counsel for whatever use they deemed appropriate—is a red herring.  In reality, when using the Cellebrite forensic tool to extract data from a mobile device, it is currently not possible to limit the extraction of data by date.  The scope of the forensic extraction can be limited either by extraction type (logical, file system or physical), or to specific data types (e.g., messages, contacts, call logs, media, application data, files, hidden files and deleted data).  Exhibit 1 (Explaining Cellebrite UFED Data Extraction Processes) (pg. 3-4).  Filtering occurs at the review level, and as the *Williams* Court noted, seemingly innocuous items will need examination, at least cursorily, in order to rule out their relevance.  *United States v. Williams*, 592 F.3d, 511, 519-20 (4th Cir. 2010).

Defendant advances another factual distinction for *Williams* that is simply incorrect.  Skinner claims that the facts of *Williams* gave rise to a broader search of files because there is no opportunity for Skinner to rename cell phone data or data found on a Google Drive.  To the extent Skinner had user-created files like photos or documents on his cell phones that had been downloaded from an online source, the files usually would have the same names, including misleading names, as the source documents created elsewhere.  Regarding Google Drive, this is Google's online storage service for a wide range of file types that are uploaded by users.  Nothing prevents users from using obfuscating names for the files they upload to a Google Drive account.

## III. CONCLUSION

For all of the above reasons, the United States requests that the Court deny defendant's motion.

                        Respectfully submitted,

                        G. ZACHARY TERWILLIGER
                        UNITED STATES ATTORNEY

By:   */s/  Brian R. Hood*
      Brian R. Hood
      Katherine Lee Martin
      Assistant United States Attorneys
      United States Attorney's Office
      919 East Main Street, Suite 1900
      Richmond, VA 23219
      Telephone: (804) 819-5400
      Email: brian.hood@usdoj.gov
      Email. katherine.martin@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **March 11, 2020**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Robert J. Wagner
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0808
Robert_wagner@fd.org

Laura Koenig
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
laura_koenig@fd.org

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _/s/ Brian R. Hood_
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, VA 23219
Telephone: (804) 819-5400
Email: brian.hood@usdoj.gov