UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 3:19cr19** |
| | ) | **The Honorable M. Hannah Lauck** |
| **TROY G. SKINNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL

COMES NOW the defendant, Troy G. Skinner, by counsel, and files this memorandum in support of his motion to seal Exhibits A through J, copies of which have been provided to the government. These exhibits consist of extracted portions of chats between the defendant and the minor on the Discord platform. *See* under seal Exhibits A through I. Also provided as evidence is the entirety of the Discord chats on a thumbdrive (under seal Exhibit J), as received by the defendant from the government in discovery. The defendant will be relying on this evidence in support of his pretrial motions. Placing these exhibits under seal will protect the minor child's privacy interests, as provided in 18 U.S.C. § 3509(d) and Rule 49.1 of the Federal Rules of Criminal Procedure.

"In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. This right to access to court records is not absolute, however." *In re The Knight Publishing Company v. Observer*, 743 F.2d 231, 234 (1984). A court "has supervisory power over its own records, and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id*. at 235. When asked to seal court documents, the court must follow specific procedures. According to Fourth Circuit case law, before a court may seal any court documents

1

the court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal and for rejecting the alternatives. *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

For purposes of this motion, the interested parties are the U.S. government, Mr. Skinner, and the minor child. The documents in question include information pertaining to the minor child. The need to protect the minor child outweighs the public's right to access in this case. Placing these documents under seal will protect the minor child's privacy.

For the foregoing reasons, the defendant requests that the Court grant his motion to seal Exhibits A through J.

Respectfully submitted,
TROY G. SKINNER

_____/s/_____
Robert J. Wagner, Esquire
Assistant Federal Public Defender
Virginia Bar No.  27493
Office of the Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 565-0808
(804) 648-5033 fax
Robert_Wagner@fd.org

2

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 21st day of July 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Brian Hood
    Katherine Martin
    United States Attorney's Office
    919 E Main St, Suite 1900
    Richmond, VA 23219
    (804) 819-5400

                                                           /s/
                                       Robert J. Wagner, Esquire
                                       Assistant Federal Public Defender
                                       Virginia Bar No.  27493
                                       Office of the Federal Public Defender
                                       701 E. Broad Street, Suite 3600
                                       Richmond, Virginia 23219
                                       (804) 565-0808
                                       (804) 648-5033 Fax
                                       Robert_Wagner@fd.org