## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA

v.                                                      **Criminal No. 3:19cr19**
                                                        **UNDER SEAL**

TROY GEORGE SKINNER,

   Defendant.

### MEMORANDUM OPINION III
### The Severance Decision

This matter comes before the Court on six motions brought by Defendant Troy George Skinner. Skinner, a New Zealand citizen, faces kidnapping and production of child pornography charges in the United States.

This is the third of three opinions released today. The Court has issued its opinion on Skinner's Motion to Suppress, ("Memorandum Opinion I" or the "Suppression Decision"),[1] and on Skinner's three Motions to Dismiss ("Memorandum Opinion II" or the "Constitutional Motions Decision.").[2] The Court addresses here Skinner's Motion to Sever, (ECF No. 73), and Motion for a Jury Questionnaire, (ECF No. 76).

---

[1] In the Motion to Suppress, Skinner sought to exclude the fruits of three warrants: one that authorized the search of two cell phones and two warrants that, later, authorized the search of one Google Mail ("Gmail") account each. After two evidentiary hearings and additional briefing, the matter was ripe for disposition. The Court denied the Motion to Suppress for the reasons stated in the Suppression Decision.

[2] In the three Motions to Dismiss, Skinner sought the dismissal of Counts One through Nine of the Superseding Indictment charging him with the production of child pornography in violation of 18 U.S.C. § 2251(a). (ECF Nos. 69, 71, 72.) Skinner challenged his charges based on lack of subject matter jurisdiction, and violations of due process, the Fifth Amendment, and the First Amendment. After two evidentiary hearings and additional briefing, the Court denied the Motions to Dismiss for the reasons stated in the Constitutional Motions Decision.

In the Motion to Sever, Skinner seeks to sever Counts One through Nine of the Superseding Indictment (the "Child Pornography Charges") from Counts Ten and Eleven (the "Kidnapping Charges") as not properly joined pursuant to Federal Rules of Criminal Procedure 8(a)[3] and 14(a).[4] In the Motion for a Jury Questionnaire, Skinner requests a jury questionnaire due to "significant pre-trial publicity surrounding this case, the likelihood of substantial prejudice by members of the venire panel, and the complex issues of the case." (Mem. Supp. Mot. Jury Questionnaire 1, ECF No. 77.)

The United States responded to the Motion to Sever and the Motion for a Jury Questionnaire, (ECF Nos. 81, 82), and Skinner replied to the Motion for a Jury Questionnaire (ECF No. 89). After two evidentiary hearings and additional briefing, these matters are ripe for disposition. For the reasons that follow, the Court will deny the Motion to Sever and deny as moot the Motion for a Jury Questionnaire.

## I. Procedural History and Findings of Fact

The Court adopts and incorporates the procedural history and factual findings in both the Suppression Decision and the Constitutional Motions Decision. Its Speedy Trial findings in the

---

[3] Federal Rule of Criminal Procedure 8(a) provides for joinder of separate offenses where the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

[4] Federal Rule of Criminal Procedure 14(a) states, in relevant part, that:

If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

2

Suppression Decision pertain to all three opinions as well.  This Memorandum Opinion will add factual findings and procedural events pertinent to the constitutional motions analyzed here.

### A.     Procedural History

#### 1.     The Motion to Sever and Motion for a Jury Questionnaire

On September 18, 2019, a federal grand jury returned an eleven-count superseding indictment (the "Superseding Indictment") against Skinner.  (ECF No. 58.)  The Superseding Indictment charged Skinner with nine counts relating to the production of child pornography, and two counts of attempted kidnapping.  In January 2020, Skinner filed six pretrial motions, including the two motions discussed here.  (ECF Nos. 69, 70, 71, 72, 73, 76.)

#### 2.     The Evidentiary Hearings

As noted, in addition to the motions addressed here, Skinner filed a Motion to Suppress, (ECF No. 70), and three Motions to Dismiss, (ECF Nos. 69, 71, 72).  The Court held two evidentiary hearings on the pending motions.  On February 13, 2020, the Court held a hearing addressing the Fourth Amendment challenge in the Motion to Suppress.  Briefing followed, as did a delay in the second hearing necessitated by restrictions flowing from the COVID-19 pandemic.  (*See* ECF Nos. 101–03, 106, Gen. Order 2020-07 (Case No. 2:20mc7) ECF No. 7)).  During the August 6, 2020 Evidentiary Hearing, the Parties placed evidence on the record,[5]

---

[5] At the August 6, 2020 Oral Argument, the Parties submitted a signed stipulation to the Court, stating that:

[1] The parties stipulate that the video files and chat excerpts that have been identified by both parties as exhibits are authentic and admissible without further foundation . . . . [2] The parties stipulate that date and time information incorporated into the video file names and chat excerpts was generated by reliable electronic processes, and acknowledging the ordinary time difference between New Zealand and United States Eastern Time . . . . [and] [3] The parties stipulate that consistent with the provisions of 18 U.S.C. § 3509(d)(1)(A)(i) and § 3509(d)(2)(A), the parties' exhibits should all be filed under seal.  The parties further stipulate that

3

including that produced through the warrants.  The Court heard argument addressing all matters the Parties chose to address orally.

### B.   Findings of Fact

As noted above, the Court adopts and incorporates the Findings of Fact in the Suppression and Constitutional Motions Decisions.  The Court will not reiterate the facts underpinning the basis to search Skinner's phones and Gmail accounts, nor will it repeat the details of the evidence garnered as a result of those searches.

Pertinent to the Motion to Sever, around early June 2018, V1 ended her online relationship with Skinner and ceased communicating with him.  After V1 ended the relationship, Skinner traveled from his home in New Zealand to Richmond, Virginia.  On June 21, 2018, Skinner arrived in Richmond and spent the night at a hostel.  The next day, on June 22, 2018, Skinner traveled to the Wal-Mart Supercenter located at 11400 West Broad Street Road, Glen Allen, Virginia.  While there, Skinner made two separate purchases:  one for pepper spray, and the second for a clip knife and duct tape.

Later that afternoon, Skinner traveled to V1's family home in Goochland, Virginia.  V1 had previously given Skinner her home address during one of their online chat sessions.  Skinner attempted to gain access to the home through a sliding glass door.  V1's mother refused Skinner entry to the house, at which point Skinner attempted to break the glass door.  Alarmed, V1, together with her mother and sister, retreated upstairs where V1's mother retrieved a handgun.

---

given the nature of the contents of the exhibits, meaningful redaction of exhibits for the purpose of placing them in the public record is not possible, and the provisions of 18 U.S.C. § 3509(d)(2)(B) are therefore inapplicable.

(Jt. Stip., ECF No. 116.)  The Court will redact aspects of the evidence from the public record accordingly.

4

Case 3:19-cr-00019-MHL   Document 123 *SEALED* (Court only)   Filed 03/10/21   Page 5 of 14 PageID# 1129

At this point, Skinner proceeded to a different entrance, broke a glass panel, and attempted to manipulate the doorknob through the broken panel to enter the home. After issuing several verbal warnings, V1's mother shot the handgun twice to prevent Skinner from forcing entry into the home. Shortly thereafter, law enforcement arrived at V1's home and found Skinner lying in a neighbor's yard. Law enforcement found Skinner with, among other things, two cell phones, duct tape, pepper spray, and a knife in an open, extended position.

The Court turns now to the Motion to Sever and the Motion for a Jury Questionnaire.

## II. Analysis

In the Motion to Sever, Skinner seeks to sever the nine Child Pornography Charges from the two Kidnapping Charges as not properly joined pursuant to Federal Rules of Criminal Procedure 8(a) and 14(a). In the Motion for a Jury Questionnaire, Skinner requests a jury questionnaire on account of "significant pre-trial publicity surrounding this case, the likelihood of substantial prejudice by members of the venire panel, and the complex issues of the case." (Mem. Supp. Mot. Jury Questionnaire 1.) For the reasons articulated below, the Court will deny the Motion to Sever and deny as moot the Motion for Jury Questionnaire.

### A.    The Court Will Deny the Motion to Sever Under Rule 8(a) and Rule 14(a)

The Court will deny the Motion to Sever. Because the Child Pornography Charges and the Kidnapping Charges have a logical relationship to one another, the Court finds joinder of the charges proper under Rule 8(a). *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). Furthermore, because Skinner has not met his burden of demonstrating a serious risk that a "joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence," the Court declines to order a separate trial under Rule 14(a). *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (evaluating Fed. R. Crim. P. 8(b)).

5

## 1.    Applicable Legal Standards

### a.    Joinder Under Rule 8(a)

Federal Rule of Criminal Procedure 8(a) provides for joinder of separate offenses where "[1] the offenses charged . . . are of the same or similar character, . . . [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." *Cardwell*, 433 F.3d at 385 (quoting Fed. R. Crim. P. 8(a)).

The United States Court of Appeals for the Fourth Circuit has interpreted this three-part test "flexibly, requiring [only] that the joined offenses have a 'logical relationship' to one another." *Id.* "Such a relationship exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *Id.* "Joinder of unrelated charges 'create[s] the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense.'" *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2009) (quoting *Cardwell*, 433 F.3d at 385).

Because courts favor the efficient administration of justice "in trying the defendant on related counts in the same trial," joinder "is the rule rather than the exception." *Id.* (internal quotation marks and citations omitted). The Fourth Circuit has determined that Rule 8(a) permits "very broad joinder because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *Id.* (quoting *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008)); *see also Cardwell*, 433 F.3d at 387 ("joinder of offenses reduces the waste of precious judicial and prosecutorial time in the already overburdened federal judicial system and reduces the burdens on witnesses from testifying at multiple trials").

6

Case 3:19-cr-00019-MHL   Document 123 *SEALED* (Court only)   Filed 03/10/21   Page 7 of 14 PageID# 1131

### b.    Joinder Under Rule 14(a)

Despite the flexible application of joinder, Federal Rule of Criminal Procedure 14(a)

provides that even if the Court finds joinder proper under Rule 8(a), severance may be required if

joinder would prejudice a party. *See Cardwell*, 433 F.3d at 387–88. Rule 14(a) states, in

relevant part, that:

> If the joinder of offenses or defendants in an indictment, an information, or a
> consolidation for trial appears to prejudice a defendant or the government, the court
> may order separate trials of counts . . . or provide any other relief that justice
> requires.

Fed. R. Crim. P. 14(a).

Such circumstances are "rare." *Cardwell*, 433 F.3d at 387. A defendant seeking to sever

offenses in an indictment "has the burden of demonstrating a strong showing of prejudice." *Mir*,

525 F.3d at 357. The defendant must make more than "speculative allegations as to possible

prejudice." *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002). The Fourth Circuit has

noted that there "is always a potential of prejudice whenever counts are joined for trial." *United*

*States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988); *see also United States v. Foutz*, 540 F.2d 733,

736 (4th Cir. 1976) ("One inevitable consequence of a joint trial is that the jury will be aware of

evidence of one crime while considering the defendant's guilt or innocence of another."). In

ruling on a Rule 14 request to sever, the trial court "must balance any possible prejudice to the

accused against the interests of the efficient administration of justice." *Cole*, 857 F.2d at 974

(internal citation omitted).

"[W]hether joinder is so prejudicial as to warrant severance is a matter committed to the

discretion of the district court." *Id.* "It is not enough for the defendant to show that severance

offers him [or her] a better chance of acquittal." *Cardwell*, 433 F.3d at 387 (internal quotation

marks and citation omitted). Where offenses have been properly joined under Rule 8, the district

7

Case 3:19-cr-00019-MHL   Document 123 *SEALED* (Court only)    Filed 03/10/21   Page 8 of 14 PageID# 1132

court should order a separate trial only where there exists a "serious risk that a joint trial would

. . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S.

at 539. "When the risk of prejudice is high, a district court is more likely to determine that

separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often

will suffice to cure any risk of prejudice." *Id.* Furthermore, the potential of prejudice "is greatly

diminished where . . . the evidence of the joined crimes would be mutually admissible for

legitimate purposes in separate trials for each offense." *Cole*, 857 F.2d at 974 (internal quotation

marks and citation omitted).

**2.      Joinder Is Proper Under Rule 8(a) Because the Child Pornography
and Kidnapping Charges Have a Logical Relationship to One Another
and Joinder Reduces the Waste of Judicial Resources**

The Court concludes that joinder is proper under Rule 8(a). First, the charges against

Skinner bear a "logical relationship" to each other. *Cardwell*, 433 F.3d at 385. Second, joinder

reduces waste of judicial resources and promotes the efficient administration of justice. *See id.*;

*Hawkins*, 776 F.3d at 206.

Under the Fourth Circuit's decision in *Cardwell*, joinder under the latter two prongs of

Rule 8(a) is proper when the offenses "are based on the same act or transaction or . . . are

connected with or constitute parts of a common scheme or plan." 433 F.3d at 385. Courts

should construe this rule "flexibly, requiring [only] that the joined offenses have a 'logical

relationship' to one another." *Id.*

The Child Pornography and Kidnapping Charges bear a logical relationship to one

another sufficient to satisfy the joinder requirements of Rule 8(a). *Id.* at 385. A logical

relationship between charges "exists when consideration of discrete counts against the defendant

paints an incomplete picture of the defendant's criminal enterprise." *Id.*; *see also United States*

8

*v. Okun*, No. 3:08cr132, 2009 WL 414012, at *7 (E.D. Va. Feb. 18, 2009) (discussing joinder of multiple counts as part of criminal enterprise).

Here, Skinner's alleged production of child pornography bears a logical connection to his alleged attempted kidnapping of V1 and her family members. Not only did Skinner's criminal activity occur over a relatively short period of six months, but V1's cessation of communications with Skinner led him to travel to the United States and allegedly attempt to kidnap her and her family members. The charged offenses are therefore "logically and intimately connected together with" Skinner's relationship with V1, *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977) (internal quotation marks and citation omitted), and they amount to "parts of a common scheme or plan." *Cardwell*, 433 F.3d at 385.

Skinner's online sexual relationship provides an "impetus" for Skinner's travel and actions in the United States. *United States v. Dominguez*, 226 F.3d 1235, 1239 (11th Cir. 2000) ("the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes."). Considering the Child Pornography Charges apart from the Kidnapping Charges would "paint[] an incomplete picture" of Skinner's criminal activity. *Cardwell*, 433 F.3d at 385. Given this logical relationship between the Child Pornography and Kidnapping Charges, joinder is appropriate under Rule 8(a).

Additionally, joinder of the Child Pornography Charges and Kidnapping Charges reduces the waste of judicial resources and promotes the efficient administration of justice. As the Fourth Circuit has stated, the "'prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding.'" *Hawkins*, 776 F.3d at 206 (quoting *Mir*, 525 F.3d at 357). If the Court were to sever the charges, V1 would have to testify at both trials. The Court is disinclined to require

V1 to unnecessarily testify a second time. Also, evidence would overlap, and the Court would duplicate efforts and resources in conducting *voir dire*, ruling on pretrial motions, and otherwise presiding over two trials. The "efficiency in trying [Skinner] on related counts in the same trial" is substantial. *Cardwell*, 433 F.3d at 385.

Considering Fourth Circuit precedent and the facts of the instant case, the Court concludes that the Child Pornography and Kidnapping Charges "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan" and thus satisfy Federal Rule of Criminal Procedure 8(a). The Court declines to sever the charges against Skinner on those grounds.

### 3. Joinder Would Not Prevent the Jury From Making a Reliable Finding About Guilt or Innocence under Rule 14(a)

In addition, Skinner has not met his burden of making a strong showing of prejudice sufficient to sever the charges under Rule 14(a).

Severance under Rule 14(a) is necessary only where there exists a "serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The risk of prejudice "is greatly diminished" when evidence of the joined crimes "would be mutually admissible for legitimate purposes in separate trials for each offense." *Cole*, 857 F.2d at 974; *see also United States v. Simmons*, No. 2:16cr130, 2017 WL 6388956, at *5 (E.D. Va. Dec. 14, 2017) (applying *Cole*). Evidence of one criminal activity is admissible in the prosecution of another where that evidence is "intrinsic to the story of the crime." *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007); *see also United States v. Lipford*, 203 F.3d 259, 268–69 (4th Cir. 2000) (accord).

Here, Skinner's online sexual relationship with V1 is "inextricably entwined with" and "intrinsic to the story" of why Skinner traveled to the United States to allegedly kidnap V1 and

10

her family members. *Cooper*, 482 F.3d at 663. Without detailed background information on Skinner and V1's relationship, the "story" of the attempted kidnapping would lack context. *Id.* The cross-over in relevant evidence between the Child Pornography Charges and Kidnapping Charges greatly diminishes the risk of prejudice here. *See Cole*, 857 F.2d at 974 (the "possibility of prejudice is greatly diminished where . . . the evidence of the joined crimes would be mutually admissible for legitimate purposes in separate trials for each offense") (internal citations omitted).

Although Skinner contends "the evidence on the other counts in the Indictment would be inadmissible at a separate trial [and] impermissibly spill over to the other counts in a joint trial," (Mot. Sever 5, ECF No. 73), Federal Rule of Evidence 404(b) sets forth reasons why evidence of other crimes or wrongs may be admissible.[6] Here, Skinner's sexual relationship with V1, and the progression of that relationship, would likely be admissible to prove the "motive . . . intent, preparation, [or] plan" leading to Skinner's eventual attempt to kidnap V1 and her family members. Fed. R. Evid. 404(b)(2). Skinner's relationship with V1—including its sexual nature—would be relevant to the Kidnapping Charges.

Furthermore, Skinner has largely made "speculative allegations as to possible prejudice." *Najjar*, 300 F.3d at 473. For example, Skinner claims that "[t]he jury might well conclude that a defendant who produces child pornography would be more likely to kidnap the person involved, or her mother, thus lessening the presumption of innocence on [the Kidnapping Charges]." (Mot. Sever 5.) But such vague allegations of prejudice through "evidentiary mixing" by the

---

[6] Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2).

11

jury are insufficient to meet the burden imposed on Skinner by Rule 14(a). *Okun*, 2009 WL 414012, at \*8 ("[Defendant] has not demonstrated that the prejudice from such evidentiary mixing would be sufficient to imperil the jury's factfinding ability—he has done no more than assert that it would."). And Skinner does not address why a thorough limiting instruction—which this Court would entertain using—would not address any risk of prejudice stemming from the joinder of the two groups of charges. *See United States v. LaRouche*, 896 F.2d 815, 831 (4th Cir. 1990) ("We have . . . made clear that curative instructions given to the jury by the district court go a long way in eliminating any prejudice resulting from the spillover effects of joinder") (citation omitted).

For these reasons, the Court concludes that Skinner has not met his heavy burden of showing that joinder of the two groups of charges would "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The Court will not sever the Child Pornography and Kidnapping Charges at trial and will deny the Motion to Sever on these grounds.

**B.      The Court Will Deny as Moot the Motion for a Jury Questionnaire**

The Court will deny as moot the Motion for a Jury Questionnaire. (ECF No. 76.) Indeed, the Court did so during the August 6, 2020 Evidentiary Hearing. (Aug. 6, 2020 Hr'g Tr. 15.) On March 12, 2020, after the first cases of COVID-19 emerged in this District but before the March 18, 2020 hearing scheduled in this case, Chief United States District Judge Mark S. Davis issued General Order 2020-01, which implemented a "staged response" to the outbreak, including the continuation of all misdemeanor, traffic, and petty offense dockets in all Divisions through April 30, 2020. (Gen. Order 2020-01 (Case No. 2:20mc007, ECF No. 1)). Responding to continued developments in the COVID-19 outbreak and the Governor of

12

Virginia's declaration of a state of emergency, on March 13, 2020, Chief Judge Davis issued General Order 2020-02, which continued "all civil and criminal (grand and petit) jury empanelments, jury trials, and grand jury proceedings scheduled to commence from March 16, 2020 through April 17, 2020 before any district or magistrate judge in any courthouse in [this District]." (Gen. Order 2020-02 (Case No. 2:20mc007, ECF No. 2) at 3.) Thereafter, Chief Judge Davis issued additional orders during the COVID-19 pandemic that limited in person hearings and suspended criminal jury trials. (Gen. Order 2020-22 (Case No. 2:20mc007, ECF No. 23) at 5; Gen. Order 2021-01 (Case No. 2:20mc007, ECF No. 26) at 6.)

Both Parties agreed at the August 6, 2020 oral argument that the Motion for a Jury Questionnaire should be denied as moot given that, at the time, all criminal jury trials in the Eastern District of Virginia were suspended. Indeed, during the COVID-19 crisis, the Court has been open to jury trials for only a few weeks since March 31, 2020. Most recently, on February 23, 2021, after considering the public health metrics during the ongoing COVID-19 pandemic, Chief Judge Davis stated that criminal jury trials "should resume on March 1, 2021." (Gen. Order 2021-02 (Case No. 2:20mc007, ECF No. 27) at 8.)

. Perhaps more relevant to mootness, the Court currently uses a jury questionnaire for criminal jury trials that is driven by COVID protocols. The process is explained on the Eastern District of Virginia website. *See* https://www.vaed.uscourts.gov/covid-19. Absent objection from the Parties, the Court will follow that protocol when scheduling trial in this case. As such, the Court denies the Motion for a Jury Questionnaire.

As previously stated, the Court incorporates its Speedy Trial Act findings from the Suppression Decision. As explained, the delays in this case are not the result of an improper Government purpose or of Government negligence. The Government pursued its prosecution

13

Case 3:19-cr-00019-MHL   Document 129   Filed 04/29/21   Page 14 of 14 PageID# 1280
Case 3:19-cr-00019-MHL   Document 123 *SEALED* (Court only)   Filed 03/10/21   Page 14
of 14 PageID# 1138

with reasonable diligence, but delays occurred for valid reasons outside the control of either party. As a result, the Court concludes that the Speedy Trial factors do not weigh in favor of Skinner, despite the length of time that has passed since the superseding indictment and the issuance of this Memorandum Opinion. Under these circumstances and on this record, Skinner's Sixth Amendment right to a speedy trial has not been violated.

### III.  Conclusion

For the foregoing reasons, the Court will deny Skinner's Motion to Sever, (ECF No. 73), and will deny as moot Skinner's Motion for a Jury Questionnaire, (ECF No. 76).

An appropriate order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: 3-16-21
Richmond, Virginia