IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TROY GEORGE SKINNER,<br><br>*Defendant.* | No. 3:19cr19-MHL |

## STATEMENT OF FACTS

The parties agree that at trial the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about January 13-14, 2018, in New Zealand, defendant, TROY GEORGE SKINNER, did knowingly employ, use, persuade, induce, entice, and coerce a minor child in Goochland, Virginia, within the Eastern District of Virginia, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and such visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; to wit, a video file with file name "Desktop 01.14.2018 – 16.07.07.127.DVR.mp4" depicting masturbation and the lascivious exhibition of the genitals.

2. In or about December 2017, SKINNER met Minor 1 on the Internet in an online game launcher called Steam. SKINNER and Minor 1 began chatting in Steam before transitioning to a different online platform called Discord. Discord is a cross-platform communication application designed for the online gaming community that can be downloaded and accessed through both cellular telephones and desktop computers.

3. Between in or about January 2018 and May 2018, SKINNER used Minor 1 to engage in sexually explicit conduct, as defined by Title 18, United States Code, 2256(2). That is, SKINNER and Minor 1 exchanged nude photographs of each other and engaged in live stream video sessions that involved nudity and masturbation by both. These video sessions were not automatically recorded by the Discord platform, but rather intentionally recorded by SKINNER, without Minor 1's knowledge, using a software application called GeForce Experience that many online gamers use to record and share videos of their gaming sessions.

4. Specifically, as alleged in Count One of the Superseding Indictment, on or about January 13-14, 2018, SKINNER used a Hewlett Packard laptop to record a 3 minute and 44 second video chat session with Minor 1 on the Discord platform. During this video, Minor 1 was first sitting in a chair in front of her own computer camera. Minor 1 was completely naked while sitting in the chair – masturbating and fondling her breasts. Minor 1 then moved from the chair to a bed in her bedroom. Minor 1 got on her hands and knees on her bed with her head facing the wall to display her genitals from behind. The laptop SKINNER used to record this video was manufactured by Hewlett Packard outside of the Commonwealth of Virginia.

5. At the time SKINNER produced the video identified above, Minor 1 was 13 years old.

6. At the time SKINNER produced the video identified above he was located in New Zealand, and Minor 1 was located in Goochland, Virginia, which is within the Eastern District of Virginia.

7. After several months, Minor 1 ended this online relationship and ceased communicating with SKINNER.

8. On or about June 20, 2018, SKINNER departed from Auckland, New Zealand, and arrived that following day at Washington Dulles Airport in Dulles, Virginia. On or about June 21, 2018, SKINNER took the Greyhound Bus from Washington, D.C. to Richmond, Virginia. SKINNER spent the night of June 21, 2018 at the Hostelling International located in Richmond, Virginia.

9. On or about June 22, 2018, SKINNER traveled to the Walmart Supercenter located in Glen Allen, Virginia. While at Walmart, SKINNER made two purchases. SKINNER first purchased pepper spray. In a separate transaction, SKINNER purchased a folding pocketknife and duct tape.

10. That same day, SKINNER traveled to Minor 1's residence in Goochland, Virginia. Minor 1 had previously given SKINNER her actual home address during one of their online chat sessions. SKINNER threw a paving stone through the glass window of the kitchen door to the house. After several verbal warnings, Minor 1's mother fired a handgun to prevent SKINNER from entering the home, hitting SKINNER in the neck.

11. Law enforcement officers with the Goochland County Sheriff's Office (GCSO) arrived on the scene shortly thereafter and found SKINNER lying in a neighbor's yard. GCSO officers seized two cell phones from SKINNER, *i.e.*, a Huawei ALE-L02 P8 Lite and a Samsung GT-I9300 Galaxy S III. These two devices are the devices listed in the Forfeiture Allegation in

the Superseding Indictment. Forensic examination of these phones revealed they had been used to access two Gmail accounts. Evidence obtained from these devices and those two Google accounts revealed images and videos constituting child pornography, as defined in Title 18, United States Code, Section 2256(8)(A).

12. On or about September 3, 2019, the Richmond Field Office of the Federal Bureau of Investigation received a USB thumb drive containing 120 video and 56 image files that authorities in New Zealand obtained via a forensic triage review of a laptop computer seized from SKINNER's apartment in New Zealand. The laptop computer seized from SKINNER's apartment is the same electronic device described above in paragraph 4.

13. The actions taken by the defendant, as described above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

14. The preceding only includes those facts necessary to establish the defendant's guilt as to the offense to which he is entering a guilty plea. It does not include each and every fact known to the defendant or to the United States and is not intended to be a full enumeration of all the facts surrounding the defendant's case.

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: _____
Katherine Lee Martin
Brian Hood
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself and the United States, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
TROY GEORGE SKINNER
Defendant

We are Troy George Skinner's attorneys. We have carefully reviewed the above Statement of Facts with him. To our knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Laura Koenig, Esquire
Robert J. Wagner, Esquire
Counsel for Defendant

5