UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Criminal No. 3:19cr19 |
| ) | The Honorable M. Hannah Lauck |
| TROY G. SKINNER,     ) | |
| ) | |
| Defendant.    ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL SENTENCING POSITION

COMES NOW the defendant, Troy G. Skinner, by counsel, and files this memorandum in support of his motion to seal his sentencing position (ECF No. 147), copies of which have been provided to the government. The sentencing position contains statements about a child that must be sealed under 18 U.S.C. § 3509(d). Placing these exhibits under seal will protect the minor child's privacy interests, as provided in 18 U.S.C. § 3509(d) and Rule 49.1 of the Federal Rules of Criminal Procedure.

"In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. This right to access to court records is not absolute, however." *In re The Knight Publishing Company v. Observer*, 743 F.2d 231, 234 (1984). A court "has supervisory power over its own records, and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id*. at 235. When asked to seal court documents, the court must follow specific procedures. According to Fourth Circuit case law, before a court may seal any court documents the court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents,

1

and (3) provide specific reasons and factual findings supporting its decision to seal and for rejecting the alternatives. *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

For purposes of this motion, the interested parties are the U.S. government, Mr. Skinner, and the minor child. The documents in question include information pertaining to the minor child. The need to protect the minor child outweighs the public's right to access in this case. Placing these documents under seal will protect the minor child's privacy.

For the foregoing reasons, the defendant requests that the Court grant his motion to seal the sentencing position and place a redacted copy in the public record.

Respectfully submitted,
TROY G. SKINNER

_____/s/_____
Robert J. Wagner, PLC
Va. Bar No. 27493
Counsel for Defendant
101 Shockoe Slip, Suite J
Richmond, VA 23219
(804) 814-8172
robwagnerlaw@gmail.com

Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
Laura_koenig@fd.org
